JOHN CAMPBELL WHITE AND
MARY S. WHITE, HIS WIFE,
　　　　vs.
JOHN S. DONNELL AND
BENJAMIN C. HOWARD.

September Term, 1850.

[INTEREST ON LEGACY—CONSTRUCTION OF MARRIAGE ARTICLES.]

WHERE no time of payment is fixed by the will and no interest provided for by its terms, the rule is irrevocably established that the legacy is not payable until the expiration of one year from the testator's death, and interest does not commence until then.

But where a legacy is given by a parent to a child, or where the testator stands to the legatee *in loco parentis* and the latter is otherwise unprovided for, then, whether a future time is fixed for the payment or not, interest will be allowed from the testator's death.

If other funds are provided for the support of the legatee, then, whatever the relation in which the testator stands to the former, the general rule applies.

A testator directed by his will, that his estate should be equally divided between his wife and daughter when the latter should attain the age of eighteen or marry; and until then, that his wife should occupy and enjoy the whole estate, to be applied to the proper maintenance of his family and the liberal education of his daughter. HELD—

That this provision for the maintenance and education of the daughter raises a trust, which Chancery will enforce.

A direction in a will, that the legacy shall be paid "*forthwith upon the decease*" of the testator, or "*as soon as possible*," is not sufficient to supersede the general rule, that the legacy is payable and bears interest only from the expiration of the year from the testator's death.

By the terms of marriage articles, it was provided that "from and immediately after the death" of the intended wife, $20,000 were to be set apart out of the trust estate for the use of her daughter then living, provided she left no other issue living at her death; and if she left such other issue, then one equal child's share of the trust property, provided such share did not exceed $20,000, but only that sum if it did. This sum was to be ascertained and decided in writing by three disinterested persons, to be appointed by the trustee, the daughter, and the intended husband. The wife died on the 25th of April, 1839, during the minority of the said daughter, and leaving other issue, and the $20,000 were set apart for the daughter on the 9th of June, 1842. HELD—

That under all the circumstances of this case, the daughter was not entitled to interest on this legacy, from the death of her mother.

[The facts of the case are fully stated in the opinion of the Chancellor.]

THE CHANCELLOR:

The questions in controversy, raised by the pleadings in this case are, by an agreement filed on the 16th inst., reduced to two, and these are, *first*, as to the validity of the claim preferred in the bill, for interest on the sum of $20,000, from the 25th of April, 1839, the day of the death of Mrs. Ann Donnell, to the 9th of June, 1842, when the said amount of $20,000 in property was set aside for the complainant, Mary; *secondly*, as to the right of the defendant, Donnell, on the settlement of accounts with the defendant Howard, as shown by an Exhibit filed with the answer of the latter, to be credited for interest as therein charged, amounting to $361 33 on the money advanced by said Donnell, to pay one-half of the commissions and expenses for dividing the estate of E. J. Williams, and setting apart the $20,000 in property, as aforesaid, for the complainant Mary. By a supplemental agreement, the question first submitted was so far modified, as to leave the complainant's counsel at liberty to claim a proportion of the rents and profits of the estate of Mrs. Ann Donnell, received by the defendant Donnell, from the time of her death to the 9th of June, 1849, if the Court shall be of opinion that any of the averments of the bill raise such a claim. And it was further agreed that the complainant, Mary, notified the trustee Howard, in January, 1841, and afterwards, of her claim for interest on the $20,000.

Whether the complainants are entitled to interest on the sum of $20,000, or to a proportion of rents and profits, in lieu of interest, assuming the case made by the bill would justify a decree of the latter description, in the face of an exception denying such right, depends upon the true construction and legal effect of certain marriage articles entered into by Mrs. Ann Williams, the mother of the complainant Mary, and the defendant Donnell, on the 16th of September, 1849, just prior to their marriage. By these articles, Mrs. Williams

assigned and conveyed to the defendant Howard, her whole
estate, then or thereafter to be acquired, *in trust* for her sepa-
rate use, during the term of her natural life, and upon the
further trust, in case the said Ann should die in the lifetime
of her then intended husband, Donnell : " Then, from, and
immediately after her death, the said trustee, or trustees under
this deed for the time being, shall set apart from and out of
the said trust property, in the best and fairest mode for all
parties concerned therein, to be ascertained and decided in
writing, and upon oath, by three disinterested and discreet
persons, or a majority of them, to be appointed by the said
trustee, Mary S. Williams, daughter of the said Ann, or those
claiming, or who may claim under her and the said John S.
Donnell respectively, the sum or value of $20,000, if the said
Ann should leave no other issue living, at her ·death, than the
said Mary, and her descendant and descendants, or the sum
or value of one equal child's share of the said trust property,
if the said Ann should leave such other issue, unless such
share should exceed the said sum of $20,000, and if so, that
they shall set apart only that sum out of such share as afore-
said, and hold the excess, or residue thereof, in trust, from
and after the said John's death, for the use, intents, and pur-
poses for which the said sum or value is hereby declared to be
in trust ; that is to say, that the said sum or value so set apart
as aforesaid, and the said excess, when it shall accrue, and all
other interests to be derived by the said Mary from the said
Ann, under this deed, whenever the same shall arise, shall be
held by such trustee or trustees in trust, from and after the
said Ann's death, for the use of such persons and in such pro-
portions as the said Ann shall, by will or like instrument,
direct or appoint, her coverture notwithstanding, or in default
of such direction or appointment, in trust for the sole and
separate use and benefit of the said Mary S. Williams, for and
during the term of her natural life, whether sole or covert, and
from and after her death, in trust for the use of such persons,
and in such proportions as she shall, by will or like instrument,
direct or appoint, whether covert or sole ; and in default of

such direction or appointment, for the use of the child or children of the said Mary, equally, and of their heirs, executors, administrators, and assigns for ever.  And in case of the death of the said Mary in her mother's lifetime, without issue then living, or of the death of all and every of the child and children of the said Mary at any time under lawful age, and without issue, then living, in trust for the same uses, intents, and purposes for which the residue of the said trust property is directed hereby to be held."  And then, after authorizing the said Mary to sell and dispose of the trust property, the articles proceed.  "And in trust as to the residue of said property and effects not directed to be set apart as aforesaid, for the use of the said John S. Donnell, from and after the said Ann's death, for and during his natural life, and from and after his death, for the use of such persons and in such proportions as the said Ann shall direct, her coverture notwithstanding.  And it is hereby declared to be the meaning of the expression, ' child's share,' as used in this indenture, with reference to setting the same apart as aforesaid, that it is such share as each child would be entitled to out of the trust property aforesaid, upon an equal distribution thereof among them."  "And the said John S. Donnell doth, for himself, his heirs, executors, or administrators, covenant, promise, and agree to and with the said Ann Williams, that he will, well and truly, leave to the said Ann, all his estate, property, and effects which he may leave after the payment of his just debts, for and during the term of her natural life, if she should survive him, by his last will and testament."

It further appears from the proceedings, that Edward G. Williams, the father of the complainant Mary, and the first husband of Mrs. Ann Donnell, being seised and possessed of a large estate, real and personal, made his will, by which, with some inconsiderable exceptions, he devised and bequeathed the whole thereof to be equally divided between his said wife and daughter, whenever the latter should reach the age of eighteen years, or marry, with the consent of her mother, and until either of such events should happen, he directed that his said wife

should occupy and enjoy the whole of his estate, to be applied to the proper maintenance of his family, and the liberal education of his said daughter.

And it has been admitted by the parties to this suit, that from the death of Mrs. Donnell (formerly Mrs. Williams), on the 25th of April, 1839, to the 17th of March, 1840, when the complainant Mary attained the age of eighteen, the defendant Donnell received the income of the entire property left by said Edward G. Williams to his wife Ann, and his said daughter, and also of the property which the said Ann had acquired otherwise, said income amounting annually to about $4,500; and that said Donnell applied the same to his own use, except that therefrom during said period, he supported and educated the said Mary at an expense of about $1,500 per annum.

It was also admitted that from the said 17th of March, 1840, until the 9th of June, 1842, when the sum of $20,000 was set apart for the said Mary, said Donnell received and applied to his own use, the income arising on the moiety, or those which the said Ann acquired under the will of her first husband, Williams, and on the other property of said Ann, amounting annually to about $2,000. That the moiety or share which said Ann acquired under the will of her first husband, was of the value of about $55,000, of which about $22,500 was unproductive, and that the residue of the property of said Ann was of the value of about $18,000. The complainant Mary, having attained the age of eighteen on the 17th of March, 1840, intermarried with the other complainant, John Campbell White, in July following; and it appears by various Exhibits filed in the cause, that the *trust* originally conferred upon the defendant Howard, has been transferred to said John Campbell White, by deed dated the 23d of August, 1848.

It further appears, that on the 5th of July, 1841, the original trustee, Howard, Mary S. White, John Campbell White, and the defendant Donnell, in pursuance of the before-mentioned marriage articles, selected three persons, to set apart, from and out of the trust estate of the said Ann Donnell, deceased,

the sum or value of $20,000, or one equal child's part of said property. And the persons so selected being duly qualified, and having ascertained, by an examination of the trust property, that one equal child's share considerably exceeded $20,000, proceeded to set apart so much of said property, real and personal, as amounted to that sum or value, less $30 41, which they directed should be paid by the legal representatives of Ann Donnell, in cash; and did, on the 7th of June, 1842, accordingly set apart said property, to be held by said trustee Howard, for the sole and separate use of said complainant Mary, in conformity with the provisions of said marriage settlement.

This allotment, thus made by the persons so selected, was affirmed and ratified by the complainants and defendant, Donnell, as appears by a writing to that effect signed by them, which, though not dated, is admitted to have been signed on the same day. And by a declaration, dated the 14th of July, 1843, under the hand and seal of Howard, the trustee, he ratified and affirmed said allotment, and declared that he held said property for the use of the complainant Mary, according to the provisions of the said marriage settlement of her mother, Mrs. Donnell.

The bill in this case was filed on the 8th of June, 1849, and of the subjects of claim presented by it, all are, by the agreement before-mentioned, abandoned, except the claim for interest on the $20,000, or a proportion of rents and profits from the 25th of April, 1839, the day of the death of Mrs. Donnell, to the 9th of June, 1842, when the property was set apart, and from which period the complainants have been in the enjoyment of it, and, consequently, the first and most material question is whether, under the circumstances of this case, the claim, in either aspect of it, can be supported?

It may, I think, be very fairly inferred, that at the time this portion of the trust property of Mrs. Donnell was set apart and segregated from the rest of the estate, it was the impression of the defendants, Donnell and Howard, that the entire claim of the complainant in reference to this property was

adjusted, and that no further demand in respect thereof would ever be made. It is true, the agreement before referred to shows that the complainant, Mary, notified the trustee in January, 1841, and afterwards, of her claim for interest on the $20,000. But there is nothing in the record to show that any demand ever was made on either the trustee or Donnell, after the 9th of June, 1842, when the segregation took place, and the complainants received their $20,000 in property, until the bill in this case was filed, in June, 1847. The complainants, therefore, so far as the record informs us, acquiesced for seven years in what may safely be supposed was the impression of Mr. Donnell, that all questions between him and the complainants, with regard to this portion of the property, was finally settled and closed up.

But waiving any objection to this claim now set up, founded upon lapse of time or acquiescence, or upon any of the circumstances which have transpired since the death of Mrs. Donnell, I purpose very briefly to consider whether, upon the terms of the marriage settlement in this case, and in accordance with the principles which govern the Courts, in deciding the question of interest upon legacies or gifts in their nature testamentary, the complainants are entitled to interest, or a proportion of rents and profits, upon the sum of $20,000, as claimed in their bill.

Most of the rules upon this subject are stated by Mr. Justice Story, with his accustomed perspicuity and force, in the case of *Sullivan and Wife* vs. *Winthrop et al.*, 1 *Summer*, 1. It was there said, that in the case of a pecuniary legacy, where no time of payment was fixed by the will, and no interest provided for by its terms, the rule was irrevocably established, that the legacy itself was not payable until the expiration of one year from the testator's death, and that interest upon it did not commence earlier. And although the marriage articles in that case provided, that in the event that the intended husband of the testatrix should survive her, her trustees should, *forthwith upon her decease*, convey and transfer her property to such person or persons as she should appoint, or to whom

she should devise the same, the general rule was enforced, and the legatee denied interest until after the year, the Judge remarking, " that he could read no more in the articles than a general direction that the estate should be distributed, according to this will, upon the decease of the testatrix, which could only mean in a reasonable time, and did not supersede the general rules of legal interpretation." And in the case of *Webster* vs. *Hall*, 8 *Ves.*, 410, where the direction in the will was that the legacy should " be paid *as soon as possible*," the Master of the Rolls (Sir William Grant) decided, " that the legatee was not to receive interest except from the end of twelve months from the death of the testator ;" " that the executors were not bound to pay upon the very day of the testator's death, nor was there any precise day upon which they ought to have paid the legacy."

But though the general rule in regard to the time when a pecuniary legacy shall commence to carry interest, when no time of payment is provided for by the terms of the will, is thus inflexibly established, there are exceptions to the rule as firmly settled as the rule itself, and one of these exceptions is, when the legacy is given by a parent to a child, or where the testator stands to the legatee *in loco parentis*, and the latter is otherwise unprovided for, for then, whether a future time is fixed for the payment or not, interest will be allowed from the death of the testator, upon his presumed intention to perform his moral obligation to maintain his child, or the person towards whom he has placed himself in the relation of parent. But if other funds are provided for the support of the legatee, then whatever may be the relation in which the testator stands to the former, the general rule applies. The exceptions are stated and proved in the case of *Sullivan* vs. *Winthrop et al.*, before referred to by numerous authorities, and neither can nor have they been questioned.

In this case it is undeniable that another and ampler fund was provided for the maintenance of the complainant, Mary, by the provisions of her father's will, and it is admitted that the injunctions of this will have been by the defendant, Donnell,

complied with in the most liberal manner; the facts agreed upon showing, that from the death of his wife, on the 23d of April, 1839, to the 17th of March, 1840, when the said complainant may, by the terms of her father's will, become entitled to the actual enjoyment of one moiety of his estate, he expended upon her education and support about $1,500 per annum. That the provision in the will of Mr. Williams for the maintenance and education of his daughter, does not amount to a mere recommendation, to be followed or not according to the discretion of the person to whom it is addressed, but, on the contrary, the language employed raises a trust which Chancery will enforce, is proved by the case of *Tolson* vs. *Tolson*, 10 *G. & J.*, 159, where terms less imperative were adjudged not only sufficient to create an obligation, but to constitute a charge upon real estate.

The case then stands clear of any influence which the relation existing between Mrs. Donnell and the complainant, Mary, would otherwise exert upon it if the latter had been destitute of the means of support, and is to be decided without reference to that relation or the moral duties it imposes.

The argument of the complainant's counsel is that, by the express terms of the marriage articles, upon the contingency which actually occurred, the sum or value of $20,000 was to be set apart, immediately upon Mrs. Donnell's death, for the use of the complainant, Mary, and the time being thus definitely fixed by the will, interest is to be paid from that period. This brings us to inquire, whether the time when this value of $20,000 is so to be set apart, is so absolutely fixed by the terms of the marriage articles as to entitle the complainant, Mary, to interest upon it from the death of her mother, though the general rule of the law would not so entitle her until a later period? We have seen that the words "*forthwith upon the decease*" of the testatrix, and that the legacy shall be paid "*as soon as possible*," have not been regarded of sufficient force to supersede the general rules of legal interpretation, and yet I think it must be admitted that this language is quite as strong as the terms employed in these articles.

There are, moreover, in this case, circumstances which in my judgment strongly repel the claim set up by the complainants. By the terms of the instrument under which they claim, the sum or value of $20,000 was not to be set apart for the complainant, Mary, in the event of her mother leaving issue other than herself, unless one equal child's share should exceed or be equal to that sum. It was not, therefore, an absolute and unconditional gift of the sum of $20,000, for in case the mother should have other issue living beside her said daughter Mary, and the said sum should exceed a child's share, then Mary was not to have that amount, but only one equal child's share. The mother, who executed the articles in contemplation of her marriage with the defendant, Donnell, which took place immediately thereafter, did leave other issue, and hence it became necessary, before setting apart the $20,000 for her daughter Mary, to ascertain whether the sum was more or less than a child's share. But this could not be done until the condition of her estate was ascertained, as preliminary to which the estate of her first husband was to be divided. It certainly would have been impossible, immediately upon the death of the mother, to have set apart $20,000 of her estate for the use of her daughter, the complainant, Mary, because it could not then be known whether that sum would exceed or fall short of a child's share.

There is, moreover, another ground, apparent upon the face of the instrument, from which the inference is strong, if not irresistible, that the mother did not and could not have intended that in case she died in the minority of her daughter, that this portion of her estate should be immediately set apart for her use. It will be observed that the property so directed to be set apart was " to be ascertained and decided in writing, and upon oath by three persons, or a majority of them, to be appointed by the said trustee, the *said Mary*, or those who may claim under her, and the said John S. Donnell respectively." The complainant, Mary, who was an infant at the date of the marriage articles, and at the period of her mother's death, was to appoint one of the persons who were to ascertain

and divide the property to be set apart for her use. Now, can it be supposed that her mother designed that she should exercise the power thus conferred upon her in her *minority?* It is more than probable that the mother did not anticipate the contingency of her own death during the minority of her daughter, but it is, I think, manifest that she did not in any event intend that this portion of her estate should be separated from the residue, until her daughter should attain an age competent to exercise the discretion which she conferred upon her. It is very clear that if the defendant Donnell, and the trustee, Howard, immediately upon the death of the mother, in April, 1839, selected persons to ascertain and appraise the property to be set apart for the complainant, she being then a minor, and incapable of making a selection, that she might, upon attaining her majority, have repudiated the Act, and insisted upon a new ascertainment and appraisement. By the express terms of the instrument, she was to appoint one of the persons to perform this duty, and she could not, as I conceive, be bound, unless, being capable, she made the appointment in the first instance, or gave her subsequent sanction to it.

There was nothing in the circumstances or prospects of the complainant Mary, which could have induced her mother to direct that she should have the immediate use of this property. She was by the terms of her father's will, entitled to a full moiety of his estate upon attaining the age of eighteen years, and in the mean time ample provision was made for her maintenance and education. In this state of things, it is not reasonable to suppose that her mother was so peculiarly solicitous to secure to her the immediate enjoyment of this fund, as to force upon her a legal capacity to act before the general rule of law she could possess that capacity.

In view, therefore, of all the circumstances of this case, and giving due weight to the acts of the parties since the death of Mrs. Donnell, I am of opinion, that the claim for interest, or rents and profits in lieu of interest, set up by this bill cannot be maintained, and therefore decide the first question against the complainant.

With regard to the second question, my opinion is, that the defendant Donnell is not entitled to be credited for interest as charged in the account, exhibited with the answer of the defendant Howard, on the money advanced to pay expenses incurred in dividing the estate of Edward G. Williams, and setting apart the $20,000, for the complainant Mary. It appears to me, that one-half of these expenses was fairly chargeable to Mr. Donnell, under the circumstances stated in the answer of the trustee Howard: and I do not see upon what principle he can be credited with interest upon moneys thus paid.

As the defendant Howard is not interested in the questions which have been argued, I have thought I would not longer withhold my opinion upon them, reserving for further consideration and discussion the claim for commission set up in his answer.

BROWN and BRUNE, for Complainants.
J. MEREDITH, for Defendants.