In the Matter of the Petition of BROOKLYN TRUST COMPANY to Render and Settle Its Account as Executor, etc., of MATILDA E. WEBB, Deceased.

WILLIAM F. WEBB and LILLIAN M. KENNEDY, Appellants; BROOKLYN TRUST COMPANY, as Executor, etc., and Others, Respondents.

Second Department, July 31, 1917.

**Decedent's estate — gift to charitable institutions under section 17 of the Decedent Estate Law — basis of computation of half of estate — expenses of administration fall upon residuary estate — executor not accountable to general legatee for income of estate during year subsequent to issuance of letters.**

In order to ascertain the half which may be given to charity under section 17 of the Decedent Estate Law, the estate of the testator as at death, less his debts, should be taken as the basis of computation.

Where there is a residuary estate the expenses of administration must fall upon that estate and not upon gifts to charities.

Since payment of legacies to charitable institutions cannot be enforced until the expiration of a year after letters have been issued, no part of the income of the estate during said period should be considered in determining the amount payable to said institutions.

An executor is not accountable to a general legatee for any portion of the income of the estate during the year given for administration and such income falls into the residuary estate.

The surrogate may order the immediate payment of legacies to charitable institutions up to the amount allowed by the statute, although the gifts of the testatrix exceed one-half of her estate.

APPEAL by William F. Webb and Lillian M. Kennedy from a decree of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on the 28th day of September, 1916, judicially settling the accounts herein.

*Rufus T. Griggs*, for the appellants.

*Theodore L. Frothingham*, for the respondent charitable institutions.

*Edgar M. Cullen* and *Francis L. Archer*, for the respondent Brooklyn Trust Company, as executor, etc.

BLACKMAR, J.:

This appeal concerns the application to the accounts of the executor of section 17 of the Decedent Estate Law (Consol. Laws, chap. 13; Laws of 1909, chap. 18), which reads as follows: " No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more."

The will of the testatrix gave certain legacies; it created two trusts of $45,000 each for the lives of a son and a daughter respectively, giving to ten charitable corporations contingent remainders therein; and then it gave the residuary estate to the said ten charitable institutions, with the following proviso: " If it shall appear at my death that I have bequeathed to the charitable institutions above named more than one-half of my estate, after the payment of my debts, I give, devise and bequeath the excess thereof to my children, or to the issue of any of them who may have died before me leaving issue him or her surviving."

Question having arisen as to the application of the 17th section of the Decedent Estate Law, the ten charitable institutions filed releases of their contingent interests; and it appearing that the residuary estate amounted to more than half of the whole estate, the surrogate decreed immediate payment of one-half of the estate to the charitable institutions, computing the amount by taking the amount of the estate as of the death of the testatrix, and deducting therefrom her debts without also deducting the expense of administration. The next of kin appeal.

The statute seems to me so plain as not to require exegesis. To find the half which may be given to charity, the estate of the testator as at death, less his debts, should be taken as the basis of computation. To that extent a testator, having the relatives mentioned, may by will devise and bequeath his estate to charitable corporations. If there be doubt about this which has escaped me, the reasoning of the surrogate should allay it.

But the decision does not solve the question whether the gifts to charities shall bear any part of the administration. That question is governed by rules of law applicable to the administration of decedents' estates. The rule is correctly stated in the brief filed by the charitable corporations in the words: "Where there is a residuary estate, * * * the expenses of administration must fall upon that." So in this case the administration expenses must fall on the residuary estate, and the question is whether, under the 9th clause of the will, the charitable institutions, or the next of kin, or both, are the residuary legatees. It confuses the question to talk about dividing the residuary estate. There is no such provision in the will. The effect of the statute is to limit the amount of the gift to charitable institutions. The effect of this is to change the gifts to these charitable institutions from a gift of a residuary estate uncertain in amount, to a fixed sum measured by half the estate less the debts. This the testatrix could legally give, and this she did give as effectively as if she had figured the amount before death and inserted it in the will. The effect of this is to change the gift of the residuary estate to the ten charities into general legacies of amounts certain so computed; the "excess" over the amount of these legacies is the residuary estate, and, as such, must bear the expense of administration.

Upon this point the brief filed by the charitable institutions is convincing; but it leads to another conclusion which requires a modification of the decree. If the gifts to the institutions are to be treated as general legacies for the purpose of casting the expenses of the administration on the next of kin, they must also be so treated for every purpose. A general legacy is not payable at once. Under sections 1819 and 2721 of the Code of Civil Procedure, as they read before the amendment of 1914, a legacy was payable in one year after letters testamentary or of administration were issued, and interest thereon did not commence to run until that time. (*Matter of McGowan*, 124 N. Y. 526.) Section 2721 was modified by Laws of 1914, chapter 443, and is now section 2688 of the Code of Civil Procedure. Under the section as so modified, an executor may pay a legacy on the completion of publishing notice to creditors. But the provisions of section 1819 still

remain in force, and no action can be brought against an executor to recover a legacy until one year after letters are issued. We think, therefore, that as this legacy cannot be collected by action until one year after letters have been issued, the rule laid down in the *McGowan* case still prevails. The provisions of section 2687 of the Code of Civil Procedure, authorizing a legatee to present a petition where the executor has not begun to publish for claims and three months have elapsed since the probate of the will, does not affect the question we are considering, as it gives no absolute right to the legatee to enforce payment; but refers the matter to the judicial discretion of the surrogate.

Payment of the legacies to the charitable institutions could not be enforced by action until the expiration of the year; interest thereon did not begin to run until that time; nor were the legacies the property of the legatees before that time so that they were entitled to the income thereon. An executor is not accountable to a general legatee for any portion of the income of the estate during the year's time given for administration, but such income falls into the residuary estate. (*Matter of Rutherfurd*, 196 N. Y. 311; *Matter of McGowan, supra; Pearson* v. *Pearson*, Schoales & L. 10; *White* v. *Donnell*, 3 Md. Ch. 526; Schouler Wills [5th ed.], § 1481.) It follows from this that no part of the income of the estate during the year should be computed in determining the amount payable to charitable institutions, and to that extent the decree should be modified.

We think that the decree was right in directing immediate payment of the legacies to the ten charitable institutions. The will as modified by section 17 of the Decedent Estate Law, does not divide the estate, in such a sense that the trusts, the remainders and the residuary estate are divided, and one-half allotted to the charitable corporations and the other half to the next of kin. It simply limits the amount of the bequest to the ten charitable institutions. The testatrix could give half her estate and no more; she did give more than half, and I see no reason why we should not proceed with the intent of the testatrix until stopped by the statute. She gave more than half of her estate outright, without taking into account the contingent remainders. The statute limits the amount

to half. There is no necessity to impound any part of the estate until the end of the two trusts in order to carry out the will of the testatrix as far as the statute permits.

The decree of the Surrogate's Court of Kings county should be modified by deducting from the amount directed to be divided between the ten charitable corporations the increase of the estate by way of income during the year of administration, and by dividing such amount between the two next of kin, and as so modified affirmed, without costs.

If the parties can agree on the amount, a final decree should be entered; if not, it should be remitted to the surrogate for further proceedings in accordance with this opinion.

JENKS, P. J., STAPLETON, RICH and PUTNAM, JJ., concurred.

Decree of the Surrogate's Court of Kings county modified in accordance with opinion, and as so modified affirmed, without costs. Order to be settled before Mr. Justice BLACKMAR.