**342**     MATTER OF TILDEN.

Surrogate's Court, New York County, December, 1918.   [Vol. 105.

## Matter of the Estate of WILLIAM TILDEN, Deceased.

(Surrogate's Court, New York County, December, 1918.)

Trusts — wills — power of appointment — interest at the legal rate upon legacies runs from one year after date of the issuing of letters testamentary.
Costs — Code of Civil Procedure, § 2746.

> The wife of testator who was the life beneficiary of the income of his residuary estate was empowered by him to appoint by will·to a particular grandchild " a share not exceeding one-half of such residuary estate so as that the same can be paid over or transferred to said grandchild if then living upon the death of my wife." The wife died leaving a will by which she exercised the power in favor of said grandchild. *Held,* that said grandchild was entitled to one-half of the residuary estate with interest at six per cent from the date of letters testamentary under the will of her grandmother.
>
> Under section 2746 of the Code of Civil Procedure the general guardian of an infant legatee may only be granted twenty-five dollars costs upon the settlement of the accounts of the testamentary trustee.

PROCEEDING upon the settlement of the accounts of a trustee.

Bleecker & Tuckerman, for trustee.

Gerdes & Wood (John Gerdes, of counsel), for Tildene V. T. Fenn Wood.

Harry E. Newell, general guardian of Gladys M. Costello.

FOWLER, S.   The decree on accounting submitted by the trustee provides, among other things, for the pay-

Misc.]   Surrogate's Court, New York County, December, 1918.

ment of a legacy to Tildene Van Tuyll Fenn '' with such trust company interest as may have accrued thereon.'' The legatee objects to the decree and contends that she is entitled to interest on her legacy at the rate of six per cent per annum.

The testator directed the trustee named in the will to pay the income of his residuary estate to his wife, Mary Louise Tilden, during her life. He empowered her to appoint by her last will to her grandchild, Tildene Van Tuyll Fenn, '' a share not exceeding one-half of such residuary estate so as that the same can be paid over or transferred to said grandchild if then living upon the death of my wife.'' The testator's wife died on the 10th of January, 1918, leaving a will by which she exercised the power in favor of Tildene Van Tuyll Fenn. The latter contends on this accounting that she is entitled to one-half of the residuary estate, with interest at the rate of six per cent per annum from the 10th day of January, 1918, the date of death of Mary Louise Tilden. It is conceded by the trustee that it is the rule that legacies bear interest at the rate of six per cent per annum from one year after the issuance of letters testamentary, but it contends that the rule applies only to legacies of a certain determined amount, and that it has no application where the legacy is a fractional part of the estate. I am not aware of any legal authority for this distinction, and the argument by which the trustee seeks to maintain it does not appear to me convincing. Section 2688 of the Code makes no such distinction. Neither do the appellate courts in any of the cases decided by them. See *Matter of McGowan,* 124 N. Y. 526; *Matter of Rutherford,* 196 id. 311; *Matter of Brooklyn Trust Co.,* 179 App. Div. 262. I am inclined to think, therefore, that Tildene Van Tuyll Fenn is

Surrogate's Court, New York County, December, 1918.   [Vol. 105.

entitled to interest at the rate of six per cent per annum on her legacy from the date when letters testamentary were issued to the executor under the will of Mary Louise Tilden.

The general guardian who appears for an infant legatee asks the court to allow him $250 for his services. The court has no power to make such an allowance. It can only allow him $25 costs under section 2746 of the Code. The decree should provide for the payment of this amount out of the infant's share.

Decreed accordingly.