JACOB GLASS, INC., Plaintiff, *v.* BANCA MARMOROSCH, BLANK & CO., SOC. ANON., Defendant.

City Court of the City of New York, March, 1924.

Sales — action to recover payment on account for sale of walnuts — refusal of buyer to accept merchandise upon arrival at New York from France — contract deemed c. i. f. sale — seller deemed to have made full performance and is not liable for delay in shipment — Personal Property Law, section 100, rule 4, and section 127, applied — when clause in contract providing for forfeiture of deposit deemed penalty — rule as to damages.

In an action to recover a payment on account under a contract for the sale of certain walnuts to be shipped by defendant from France not later than January 31, 1922, it was conceded that on January 25, 1922, defendant placed the goods on board a vessel at Marseilles, which was advertised to sail for New York on the latter date, and procured a bill of lading therefor.   The vessel did not leave Marseilles until February 8, 1922, but the parties agree that prior sailing was not prevented by any act of defendant nor made impossible by " force major." Upon tender of the goods after their arrival at New York plaintiff refused to accept them.   *Held,* that the contract was a c. i. f. sale and both at common law and under the statute of New York, which under the pleadings and stipulated facts the rights of the parties are to be adjudged, defendant had fully performed its contract by a timely delivery to a carrier whose vessel was scheduled to leave the port of shipment before the stipulated date and that thereafter defendant under section 100, rule 4, and section 127 of the Personal Property Law was not liable for delay and was entitled to judgment on plaintiff's claim.

A clause of the contract provided that if the buyer should refuse to accept and pay for the goods upon arrival, a deposit, the amount in suit, was to be forfeited to the seller without further claim against the buyer.   *Held,* that such provision was to be construed as a penalty and not as liquidated damages, and that defendant was entitled to judgment for the difference between the amount of its counterclaim for damages and the amount claimed by plaintiff.

**638**   Glass, Inc., *v*. Banca Marmorosch, Blank & Co., S. Anon.

City Court of New York, March, 1924.          [Vol. 122

Action to recover money paid on account under a sales contract.

*Oscar Englander*, for plaintiff.

*Henry Fleugelman*, for defendant.

Callahan, J.   Submission on an agreed statement of facts. Plaintiff sues to recover a sum of money paid on account under a contract for the sale of certain walnuts.   The contract was executed in Bucharest, Roumania, but under the pleadings and facts stipulated the rights of the parties will have to be adjudged in the light of the law of this state.   The terms of the contract required the defendant to ship the walnuts " from Marseilles, France, not later than the 31st of January, 1922."   It is conceded that the defendant, on January 25, 1922, placed the goods on a vessel at Marseilles which was advertised to sail for New York on the latter date, and that defendant procured a bill of lading for the goods on said date.   It is further conceded that the vessel did not in fact leave Marseilles until February 8, 1922.   The parties agree that prior sailing was not prevented by any act of defendant, nor was said sailing made impossible by " force major."   Upon the arrival of the goods here defendant duly tendered same, but plaintiff refused to accept them.   The contract was a c. i. f. sale. Under both the common law and the statutes of this state it is clear that in the circumstances herein submitted the defendant fully performed its contract by a timely delivery of the merchandise to a carrier, especially where, as here, the carrier's conveyance was scheduled to leave the point of shipment before the stipulated date.   The sender was not liable for delays thereafter. *Ledon* v. *Havemeyer*, 121 N. Y. 179; Pers. Prop. Law, § 100, rule 4; § 127.   The court cannot agree with plaintiff that the use of the expression " ship from Marseilles " in the contract changed the ordinary responsibility of the defendant shipper.   Under the circumstances defendant is entitled to judgment on plaintiff's claim.   The issues presented by the counterclaim are more difficult. The defendant claims damages were sustained by it in the sum of $2,474.18 by refusal of plaintiff to accept the goods and, crediting plaintiff with the $2,000 paid as a deposit or on account, asks for affirmative judgment for the difference.   Ordinarily, defendant would be entitled to the difference between the agreed price and the market price of the goods at the time and place of delivery as its damage.   It is admitted by the pleadings that the goods were of a perishable nature and that defendant duly notified plaintiff that the goods would be sold at public auction for the account of plaintiff.   It is further stipulated by the parties that at the said sale and in connection with the entry of the goods certain expenses

were incurred, all of which appear proper. The net amount realized may be stated as fixing the market value of the goods under the circumstances, and the court does not understand plaintiff to dispute that rule. There appears, however, in the contract a clause providing that in the event the buyer shall refuse to accept and pay for the goods upon arrival, the deposit (the $2,000 involved in plaintiff's claim) is to be forfeited to the seller and that the seller is to have no further claim against the buyer. Defendant claims that such clause provides a penalty and under the familiar rules of law will be disregarded in the present circumstances, inasmuch as the actual damages of the parties were readily ascertainable. There is considerable doubt in the mind of the court that in doing so the clear intent of the contract would not be disregarded. Another similar clause in the contract limits plaintiff's damages to an equal amount in the event of defendant's failure to deliver the goods. The question of intent, however, does not seem to be the sole or controlling factor in determining whether a provision in a contract for the forfeiture of a stipulated sum shall be considered liquidated damages or a penalty. The policy of the judicial rule seems to prevent the parties from so agreeing, where, as here, no difficulty in fixing the ultimate damage existed or could be foreseen at the time the contract was entered into. *Caesar* v. *Rubinson*, 174 N. Y. 492; *Edelstein* v. *Spielberger*, 179 App. Div. 262; *Seidlitz* v. *Auerbach*, 230 N. Y. 167. The provision for forfeiture must be held to provide a penalty and the counterclaim of defendant allowed in the sum of $474.18, with $42.86 interest, or a total of $517.04. Judgment is directed accordingly. Submit findings.

Judgment accordingly.