In the Matter of the Estate of STELLA LOEWENTHAL, Deceased.

Surrogate's Court, New York County, January 12, 1931.

*H. I. & L. Cohen,* for the Children's Shelter of Manhattan.

*Lewis M. White,* for the administrator.

*Goldsmith, Goldblatt & Hanower* [*Frederick E. Goldsmith* of counsel], for the objector.

O'BRIEN, S.   In this accounting proceeding a question as to the interpretation, force and effect of section 17 of the Decedent Estate Law is presented for determination.   As the will was executed prior to September 1, 1930, when the amendment to section 17 of said law by chapter 229 of the Laws of 1929 went into effect, and, as the testator died prior to said date, the question must be resolved under the law and the decisions interpreting said law as the same existed prior to the amendment.   The testatrix after providing for her funeral expenses in the 1st paragraph of the will and in the 2d and 3d paragraphs making specific bequests of jewelry, furniture and other personal property, and the creation of a trust of $1,000 for the perpetual care of her cemetery plot, which is a proper item of funeral expense, bequeathed the residuary estate by the 5th paragraph as follows:

" *Fifth.* All the rest, residue and remainder of my property, real, personal and mixed and wheresoever the same may be situated, and any and all lapsed legacies and devises, I give, devise and bequeath to the executor and trustee hereinafter by me named, in trust nevertheless, during the lifetime of my father, Leopold Loewenthal, to invest, keep invested and re-invest the same, and to receive, collect and pay the net income and interest therefrom to my father, Leopold Loewenthal, during his lifetime.   Upon the decease of my father, I give, devise and bequeath the principal of my said residue estate, and any and all undistributed and unpaid income therefrom, to the Children's Shelter of Manhattan, Inc., now at No. 235 West 113 Street, in the City and County of New York, Borough of Manhattan, in memory of my dear departed mother, Barbara Loewenthal."

Section 17 of the Decedent Estate Law (as amd. by Laws of 1927, chap. 502), as it existed prior to the amendment effective September 1, 1930, read as follows:

" § 17.   Devise or bequest to certain societies, associations, corporations or purposes.   No person having a husband, wife, child, or descendant or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose, in trust or otherwise, more than one-half part of his or her estate, *after the payment of his or her debts,* and such devise or bequest shall be valid to the extent of one-half, and no more."

The testatrix was survived by her father, Leopold Loewenthal, who is her only next of kin and he has filed objections to the account claiming a right under the aforesaid section to the excess of the one-half permitted by the statute and praying that a decree be entered declaring that the testatrix died intestate as to such excess.

The will obviously violates the statute and the objections of the father must, therefore, be sustained. *The next question presented concerns the* method of ascertaining the extent of the one-half interest. In the first place, the statute expressly states that this one-half interest must be determined *" after the payment of his or her debts."* No expenses of administration can be deducted in ascertaining the net estate. (*Matter of Blumenthal*, 124 Misc. 850; affd., 214 App. Div. 784, no opinion; *Matter of Seymour*, 239 N. Y. 259.) In the latter decision (at p. 263) it is held that *" By virtue of the statute a residuary gift to the corporation uncertain in amount is transformed into a general legacy for a fixed sum.* (*Matter of Brooklyn Trust Company*, 179 App. Div. 262, 264.) *The same rule is applied as in the case of all general legacies and all residuary estates."* Therefore, the one-half interest of the net estate which the charitable corporations will take carries with it interest at five per cent during the period of its deferred payment which means, in the instant case, during the expectancy of the life of the father as computed in the mortality tables, for the reason that the father has a valid life estate in the whole fund. Thus the one-half share of the father is burdened with the payment of this interest and as he has a life estate in the whole fund no present payments of principal can be made; nor will it be necessary to compute the value of the life estate at this time. Submit decree accordingly.