In the Matter of the Estate of ELLEN F. SLOAT, Deceased.*

Surrogate's Court, Kings County, March 21, 1932.

---

* See, also, 141 Misc. 710.

*Zabriskie, Sage, Gray & Todd* [*George Gray Zabriskie* of counsel], for the Cathedral Church of St. John the Divine.

*Stephen Callaghan* of counsel, for The Church Charity Foundation of Long Island.

*Connolly & Frey*, for the petitioner.

*White & Case*, for St. Philip's Protestant Episcopal Church.

*Frank A. Crowe*, for Adelaide Overacre and others.

*Taylor, Blanc, Capron & Marsh*, for Manhattan Eye, Ear and Throat Hospital.

*Albert D. Schanzer*, special guardian for unknown infants.

*John J. Bennett, Jr.*, Attorney-General.

*Cullen & Dykman*, for Brooklyn Society for the Prevention of Cruelty to Children.

*Larkin, Rathbone & Perry*, for Brooklyn Bureau of Charities.

*Shaffer & Pierson*, for Hopewell Society of Brooklyn.

*William Thorn Simpson*, for the corporation of All Saints Protestant Episcopal Church, etc.

WINGATE, S. The testatrix by her will left more than one-half of her estate to charities. The law limits such gifts to one-half of the estate (Dec. Est. Law, § 17). The heirs and next of kin asserted their legal rights to take the excess over the limitation enjoined by the pertinent statute. The charities affected resisted this assertion of their legal rights and the questions involved were submitted to the court for determination. The rights of the heirs and next of kin to take the excess over one-half the net estate were upheld. The law on the subject was plain and had been frequently and recently considered. All administration expenses, which include allowances to attorneys by way of compensation for services, under the decisions here applicable, must be deducted from the half of the estate passing to the heirs and next of kin.

Attorneys for certain of the charities ask for an allowance out of the estate. Their services were rendered in behalf of the char-

ities' attempt to keep what the heirs and next of kin were entitled to receive under the law. If the allowance were granted, the effect. would be to compel the heirs and next of kin to pay the lawyers who unsuccessfully opposed them, as well as their own attorneys. Such a result does not seem either just or equitable. Neither the high purposes of the charities, nor the altruistic conduct of counsel can be considered nor would they wish them to be. Before the law all parties are equal.

The application is denied.