In the Matter of the Estate of ALDEN GARDNER, Deceased.

Surrogate's Court, Albany County, May 4, 1934.

*Byrne, Jeram & Casey*, for the petitioner.

*Merton D. Meeker*, for the Ancient City Lodge No. 452, F. & A. M.

*Hurry & Dutton* [*Robert C. Poskanzer* of counsel], for the Trustees of Masonic Hall and Asylum Fund.

*LaVerne Orvis*, for Alice M. Stickley and others.

*Herman J. Diekman*, special guardian of Mary Gardner.

ROGAN, S. By a previous decision of this court in construing the provisions of the last will and testament of deceased, it was determined that the bequests to the charitable organizations named in said will were violative of the provisions of section 17 of the Decedent Estate Law, and were valid only to the extent of one-half of the testator's estate.

It appears that the value of the net estate at the time of decedent's death was $11,028.10, and the amount received by the trustee after payment of legacies, administration expenses, etc., was $9,840.90. Due to the fact that the New York Central Railroad Company bonds held by the trustee have depreciated in value to the extent of $2,354 there is now on hand for distribution the sum of $7,958.63.

On this accounting proceeding three questions have arisen regarding this fund:

1. Is the value of the estate which is to go to the charities to be computed as of the date of the testator's death, or of the date of the death of the life tenant?

2. Are the charities entitled to interest?

3. Does the specific bequest to Ancient City Lodge No. 452, Free and Accepted Masons, take precedence over the residuary bequest to the Masonic Hall and Asylum Fund?

Testator died August 23, 1920. His will, dated September 5, 1918, was duly admitted to probate in this court on November 3, 1920. The law as it existed at the time of the death of the testator and the creation of the estate should be applied. The interests of all parties herein are fixed as of the date of testator's death. The enactment of chapter 229 of the Laws of 1929, amending section 17 of the Decedent Estate Law, is not retroactive. As was stated in *Matter of Lowenthal* (138 Misc. 871): " As the will was executed prior to September 1, 1930, * * * and, as the testator died prior to said date, the case must be resolved under the law and the decisions interpreting said law as the same existed prior to the amendment." Under the doctrine laid down in *Matter of Seymour*

(239 N. Y. 259) the value of the estate to which the charitable organizations are entitled was fixed as of the time of the death of deceased and not the life tenant. Applying this rule to the case at bar we find that the charitable organizations are entitled to the sum of $5,514.05.

By virtue of the statute the residuary gift to the trustees of the Masonic Hall and Asylum Fund was transformed into a general legacy for a fixed sum. (*Matter of Brooklyn Trust Co.*, 179 App. Div. 262, 264; *Matter of Seymour, supra.*) The rule is well settled that upon a general legacy interest is payable from the expiration of one year after the issuance of letters. Interest, therefore, at the rate of five per centum per annum compounded annually from November 3, 1921, should be paid to the charitable organizations on their legacies. (*Matter of Brown*, 135 Misc. 611; *Matter of Donchian*, 128 id. 51; *Matter of Seymour, supra.*)

All administration expenses, which includes allowances to attorneys by way of compensation for services, must be deducted from the one-half of the estate passing to the heirs and next of kin, and not against the one-half passing to charity. (*Matter of Sloat*, 143 Misc. 170; *Matter of McArdle*, 147 id. 876; *Matter of Arnolt*, 127 id. 579.)

But one other question remains for our consideration, and that is whether Ancient City Lodge No. 452, Free and Accepted Masons, should be preferred in any manner to the Masonic Hall and Asylum Fund. I think not. As we have held that the residuary gift to the corporation was transformed into a general legacy for a fixed sum (*Matter of Brooklyn Trust Co., supra*), the same rules must apply as if a sum in like amount was specifically bequeathed in the will. If the gifts to the institutions are to be treated as general legacies for the purpose of casting the expenses of the administration on the next of kin, they must also be so treated for every purpose, and one general legatee should not be preferred against the others.

Enter decree in accordance with this opinion.