PARA-TYPE STATIONERY CORPORATION, Respondent, *v.* BRANDTJEN & KLUGE, INC., Appellant.

First Department, December 4, 1951.

*Theodore Geffner* of counsel (*Wasserman, Behr & Shagan,* attorneys), for appellant.

*Solomon Goodman* of counsel (*John J. Cutroneo* with him on the brief; *Solomon Goodman,* attorney), for respondent.

Van Voorhis, J. Defendant's motion for summary judgment dismissing the complaint should have been granted. Defendant-appellant was required by the contract of sale to deliver an automatic printing press to plaintiff " F. O. B. St. Paul, Minn." Pursuant to this contract, appellant delivered to a common carrier on October 15, 1948, at St. Paul, Minnesota, two crates and one box of printing machinery. The larger of the crates contained the body of the press, the smaller crate contained the motor, and the controller was in the box. Such delivery is evidenced by the bill of lading, and is not disputed. The two crates were delivered to plaintiff during the latter part of October. The box containing the controller went astray in transit, and was not received by plaintiff until December. The press would not operate until it was complete. The action is for damages sustained by plaintiff on account of the delay in receiving the controller from the carrier at the destination point.

Not only does the contract between these parties provide expressly that the seller is not liable for damages caused by delays in transit, but also subdivision 2 of rule 4 of section 100 of the Personal Property Law provides that unless a different intention appears from the contract: " Where, in pursuance of a contract to sell, the seller delivers the goods to the buyer, or to a carrier or other bailee (whether named by the buyer or not) for the purpose of transmission to or holding for the buyer, he is presumed to have unconditionally appropriated the goods to the contract, except in the cases provided for in the next rule and in section one hundred and one. This presumption is applicable, although by the terms of the contract the buyer is to pay the price before receiving delivery of the goods, and the goods are marked with the words ' collect on delivery ' or their equivalents."

Respondent contends that the usual rule that risk of loss falls upon the buyer on delivery to the carrier does not apply, in view of the circumstance that it is a conditional bill of sale retaining title in the vendor until the purchase price of $2,029.80 be paid in full. No such conclusion is to be drawn. Section 80-g of the

Personal Property Law, derived from the Uniform Conditional Sales Law, expressly eliminates such a distinction. It provides that in case of conditional sales: '' After the delivery of the goods to the buyer and prior to the retaking of them by the seller, the risk of injury and loss shall rest upon the buyer.'' This section signifies that risk of loss is not to be affected by the reservation of title in the conditional vendor, prior to retaking of the goods. Moreover, subdivision 1 of section 101 provides regarding sales: '' Where there is a contract to sell specific goods, or where goods are subsequently appropriated to the contract, the seller may, by the terms of the contract or appropriation, reserve the right of possession or property in the goods until certain conditions have been fulfilled. The right of possession or property may be thus reserved notwithstanding the delivery of the goods to the buyer or to a carrier or other bailee for the purpose of transmission to the buyer.'' That subdivision also indicates that the reservation of title under a conditional sales contract does not change the application of the Sales of Goods Act, and indicates further that the risk of delay or loss in transit is not imposed upon the seller merely for the reason that the bill of lading runs to the order of the seller in order to secure the down payment. The down payment under this contract of conditional sale is $337.80. The contract provided that this sum should be payable '' before delivery ''. It was the usual order bill of lading, in which plaintiff was named as the '' notify party ''. Subdivision 2 of section 101 of the Personal Property Law specifically states: '' Where goods are shipped, and by the bill of lading the goods are deliverable to the seller or his agent, or to the order of the seller or of his agent, the seller thereby reserves the property in the goods. But if, except for the form of the bill of lading, the property would have passed to the buyer on shipment of the goods, the seller's property in the goods shall be deemed to be only for the purpose of securing performance by the buyer of his obligations under the contract.'' That statutory provision is applicable here. Retention of title by the seller, either under the bill of lading to secure the down payment or under the contract of conditional sale to secure the deferred payment of the balance of the purchase price, does not alter the fact that the property was at the risk of the buyer after delivery to the carrier (Personal Property Law, § 103).

Plaintiff was to have possession and use of this printing press, provided that the down payment and the subsequent payments were met according to schedule. The same rules for ascertaining intention, affecting risk of delay or loss in transit, should be applied as though the down payment to be made on arrival under the order bill of lading were the entire purchase price of the goods (*Standard Casing Co.* v. *California Casing Co.*, 233 N. Y. 413; *Rosenberg Bros. & Co.* v. *Buffum Co.*, 234 N. Y. 338; *Kellogg* v. *Hewitt,* 133 Misc. 609 [App. Term, 1st Dept.]; *Hauck Food Products Corp.* v. *Stevenson & Co.*, 203 App. Div. 308; *Glass, Inc.,* v. *Banca Marmorosch, Blank & Co.*, 122 Misc. 637).

The order appealed from should be reversed, with $20 costs and disbursements to the appellant and defendant's motion for summary judgment dismissing the complaint should be granted, with costs to appellant.

PECK, P. J., GLENNON, DORE and COHN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to appellant and the motion granted, and judgment is directed to be entered herein dismissing the complaint, with costs. [See *post,* p. 777.]