In the Matter of the Accounting of BROOKLYN TRUST COMPANY, as Trustee of a Trust Created by the Will of CAROLINE A. SEYMOUR, Deceased, Respondent.

MARY S. MACARTHUR, as Executrix of WILLIAM H. SEYMOUR, Deceased, Appellant; CHURCH CHARITY FOUNDATION OF LONG ISLAND et al., Respondents.

Will — construction of will devising and bequeathing estate to trustees to pay income to certain beneficiaries for life — bequest of principal fund, after death of beneficiaries — invalid in so far as it gave more than half of principal to charitable corporations — charitable corporations not entitled to share in increase of estate — equitable conversion — devise of testatrix's house to her husband so long as he occupied it with direction to sell when such occupation ceased and pay proceeds into residuary estate does not constitute equitable conversion.

1. Testatrix devised and bequeathed her property to trustees with instructions to pay the income to certain beneficiaries during their lives. The chief beneficiary was her husband. On the death of the beneficiaries the trustees were to pay the principal to a charitable corporation. The disposition of property to the corporation was declared invalid as to one-half of the estate by reason of the provision

of the Decedent Estate Law (Cons. Laws, ch. 13), section 17. Upon the death of the husband, it was found that the trust fund had largely increased. The charitable corporation erroneously deems itself entitled to share therein. The statute speaks as of the time of the death of the testatrix and the value of the estate is to be fixed upon the same basis as if it had then been turned into cash and the amount which the charitable corporation was to receive then delivered.

2. In the absence of evidence that certain stock dividends had been earned before the death of testatrix, they are to be treated as ordinary increases in the value of the estate held by the trustees and the rule above stated applied to them.

3. Testatrix by her will gave to her husband the use of her house so long as he occupied the same. When such occupation ceased, the property was to be sold and the proceeds become part of the residuary estate. Since there was no conversion into personalty until the death of the husband, the heirs of the testatrix are entitled to the proceeds upon such sale.

*Matter of Seymour*, 209 App. Div. 655, modified.

(Argued November 24, 1924; decided January 21, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 25, 1924, which modified and affirmed as modified a decree of the Kings County Surrogate's Court settling the accounts of the trust created for the benefit of William H. Seymour in and by the will of Caroline A. Seymour, deceased.

*Henry A. Ingraham* and *Samuel C. Worthen* for appellant. The charity is not entitled to share in the increase due to the sales of land and personal property by the trustee. (*Matter of Brooklyn Trust Co.*, 92 Misc. Rep. 700; 179 App. Div. 264; *Matter of Allen*, 111 Misc. Rep. 131; *Matter of Carnegie*, 203 App. Div. 96.) There was an out and out conversion of real estate No. 423 Clermont avenue, Brooklyn. (*Stagg* v. *Jackson*, 1 N. Y. 206; *Phœnix* v. *Trustees of Columbia College*, 87 App. Div. 438; 179 N. Y. 592; *Moncrief* v. *Ross*, 50 N. Y. 436; *Robert* v. *Corning*, 89 N. Y. 239; *Matter of Earnshaw*,

1925.]                  Opinion, per ANDREWS, J.          [239 N. Y. 259]

196 N. Y. 330; *Kearney* v. *Missionary Society,* 10 Abb. [N. C.] 274; *Read* v. *Williams,* 125 N. Y. 560; *Matter of Brash,* 206 App. Div. 96; *Underwood* v. *Curtis,* 127 N. Y. 523; *Vincent* v. *Newhouse,* 83 N. Y. 505; *Metropolitan Trust Co.* v. *Krans,* 186 App. Div. 368.)

*Ralph W. Crolly* for Brooklyn Trust Company, as trustee, respondent.

*Omri F. Hibbard* for Church Charity Foundation of Long Island, respondent.

*James S. Regan,* special guardian, respondent. There was no out and out conversion of the real property No. 426 Clermont avenue, Brooklyn. (*Simonds* v. *Rowe,* 110 Misc. Rep. 52; 195 App. Div. 914; *Chamberlain* v. *Taylor,* 105 N. Y. 185; *Parker* v. *Linden,* 113 N. Y. 28; *Reid* v. *William,* 125 N. Y. 560; *Jones* v. *Kelly,* 170 N. Y. 401; *Barber* v. *Terry,* 224 N. Y. 334.)

ANDREWS, J. Mrs. Seymour died in 1920. By her will she devised and bequeathed substantially all her property to trustees with instructions to pay the income therefrom to certain beneficiaries named therein for life. The chief of these were her husband, a man then eighty-five years old. On the death of the beneficiaries the trustees were instructed to pay the principal to the Church Charity Foundation of Long Island, a charitable corporation.

The statute provides that " No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more." (Decedent Estate Law [Cons. Laws, ch. 13], sec. 17.) Therefore, upon the probate of Mrs. Seymour's

will it was adjudicated that the disposition of her property to the Church Charity Foundation was invalid in so far as it was to receive more than one-half of her estate after the payment of all debts. The total after such deductions were made was then fixed and it was paid to the trustees.

Mr. Seymour died in 1923 and the amount to which the corporation now becomes entitled must be determined. It appears that during his lifetime there was an increase of $76,314.21 in the value of the estate held by the trustees. This increase was the result of favorable sales and also of certain stock dividends received.

The first question we must decide is whether or not under these circumstances the Church Charity Foundation is entitled to share in this increase as was held by the courts below. We see no reason why it should do so.

The statute speaks as of the time of the death of the deceased. (*St. John* v. *Andrews Institute*, 191 N. Y. 254.) As of that time the value of the estate is to be fixed upon the same basis as if it had been then turned into cash and the amount which a charitable corporation may receive then determined. To that amount it is entitled, no more and no less. If the payment of the legacy is postponed allowance must be made for that fact. One hundred thousand dollars presently due is of more value than one hundred thousand dollars payable ten years hence. (*Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166; *Matter of Durand*, 194 N. Y. 477.) But whether under the circumstances of this case the present value of a legacy payable in the future is calculated or whether when the distribution is made upon the death of the life tenant interest is allowed out of the estate upon the half as it stood at the testator's death, as the Appellate Division has here done without objection, the result is practically identical. Out of the remaining half of the estate must be paid all expenses of administration, all legacies and all commissions. To it also must be attributed all profits and all losses must be charged

1925.]            Opinion, per ANDREWS, J.          [239 N. Y. 259]

against it alone. By virtue of the statute a residuary gift to the corporation uncertain in amount is transformed into a general legacy for a fixed sum. (*Matter of Brooklyn Trust Company*, 179 App. Div. 262, 264.) The same rule is applied as in the case of all general legacies and all residuary estates. For this reason any interest that may be earned by the estate during the year after the testator's death goes to swell the residuum. (*Matter of Brooklyn Trust Company, supra.*) Any gain comes in no sense from the use of capital to which the corporation was at the time entitled.

We have not before us a case where the amount which the corporation is to receive is fixed and is presently payable but where for one reason or another it has not been paid within the year after the testator's death, and where the executors so used the estate in their hands, including the part to which the corporation is entitled, so as to increase its value. We do not decide that under such circumstances the corporation might not share in the increase caused in part by the use of its funds.

As to that portion of the increase caused by the stock dividends there is no evidence as to when they were earned. Had it appeared that the whole or any part of them had been earned before Mrs. Seymour's death it might. be that the corporation would be entitled to share therein, as they would represent the capital of the estate of the decedent as it existed at that time. In the absence of such evidence, however, we can only treat them as ordinary increases in the value of the estate held by the trustees, and the general rule which we have stated applies to them also.

A matter of lesser importance remains. The will of Mrs. Seymour provided that she gave to her husband the use of her house in Brooklyn and of all the furniture therein so long as he personally occupied the same. When such occupation ceased the house and furniture

was to be sold and the proceeds were to become part of the residuary estate. After Mr. Seymour's death the house was sold for between seven and eight thousand dollars. The question is whether one-half of these proceeds belonged to the heirs at law of Mrs. Seymour or to the estate of her husband. If by the terms of the will an equitable conversion occurred as of the time of her death the latter rule applies. If on the contrary there was no conversion into personalty until Mr. Seymour's death then her heirs are entitled to this sum. We are satisfied with the conclusion reached by the Appellate Division that the latter construction is the correct one.

The order of the Appellate Division and the decree of the surrogate should be modified in accordance with this opinion and as so modified affirmed, with separate bills of costs to all parties filing briefs in this court payable out of the estate.

HISCOCK, Ch. J., CARDOZO, POUND and LEHMAN, JJ., concur; McLAUGHLIN, J., dissents from modification; CRANE, J., absent.

Ordered accordingly.