In the Matter of the Estate of ALFRED BLUMENTHAL, Deceased.*

Surrogate's Court, New York County, May 28, 1926.

Wills — devise to charitable institution — one-half under Decedent Estate Law, § 17, must be determined as of date of death of testator — doctrine of equitable conversion not applicable.

In determining what constitutes one-half of an estate which a charitable institution may take under section 17 of the Decedent Estate Law, the value of the estate at the time of the death of the testator is to be taken as the basis, and the charitable legatees are not entitled to the benefit of the accretions or increases in value of the assets since the date of death.

The doctrine of equitable conversion does not apply to the real property in this estate passing by the operation of section 17 of the Decedent Estate Law.

SUPPLEMENTARY opinion.

*Wise & Seligsberg*, for the estate of Alfred Blumenthal.

*House, Grossman & Vorhaus*, for the estate of Hannah Blumenthal.

*Arthur L. Davis*, for Jesse Perlman and Grace Guinzburg.

* See, also, 119 Misc. 588; 126 id. 603.— [REP.

*Sanford Robinson,* for Timen children.

*Cook, Nathan & Lehman,* for the executors of the estate of Alfred Blumenthal.

*Hoadly, Lauterbach & Johnson,* for Mt. Sinai Hospital.

*Emil Goldmark,* for Federation for the Support of Jewish Philantropic Societies of New York city.

FOLEY, S.   1. Supplementing my original decision herein (*Matter of Blumenthal,* 124 Misc. 850), I hold that the decree correctly provides for the computation of the one-half of the estate, less debts, to be paid to the charitable legatees.   The contention of the latter that they are entitled to the benefit of the accretions or increases in value of the assets since the date of death must be overruled.   (*Matter of Seymour,* 239 N. Y. 259.)   The value of these assets was easily determinable, because they were listed securities.   The computation here is to be made as of the values at the time of death, in accordance with the general rule laid down in *Matter of Seymour* (*supra*).   That rule, as stated by the Court of Appeals, is as follows (239 N. Y. 259, 262): " The statute speaks as of the time of the death of the deceased.   (*St. John* v. *Andrews Institute,* 191 N. Y. 254.)   As of that time the value of the estate is to be fixed upon the same basis as if it had been then turned into cash and the amount which a charitable corporation may receive then determined.   To that amount it is entitled, no more and no less.   *   *   *   Out of the remaining half of the estate must be paid all expenses of administration, all legacies and all commissions.   To it also must be attributed all profits and all losses must be charged against it alone.   By virtue of the statute a residuary gift to the corporation uncertain in amount is transformed into a general legacy for a fixed sum.   (*Matter of Brooklyn Trust Co.,* 179 App. Div. 262, 264.)   The same rule is applied as in the case of all general legacies and all residuary estates.   For this reason any interest that may be earned by the estate during the year after the testator's death goes to swell the residuum.   (*Matter of Brooklyn Trust Co., supra.*)   Any gain comes in no sense from the use of capital to which the corporation was at the time entitled."

Certain reservations or exceptions were made to the rule by the court in that case in the following language: " We have not before us a case where the amount which the corporation is to receive is fixed and is presently payable but where for one reason or another it has not been paid within the year after the testator's death, and where the executors so used the estate in their hands, including the part to which the corporation is entitled, so as to

increase its value. We do not decide that under such circumstances the corporation might not share in the increase caused in part by the use of its funds."

None of the circumstances existing here nor the language of the will bring the present estate within the exceptions stated in the foregoing language in *Matter of Seymour.* The method of computation in the proposed decree is, therefore, correct.

2. The proposed decree properly allows interest upon the claim of Armand Paul.

3. The decree properly fixes the computation of interest on the various amounts directed to be paid to the charitable institutions from a date one year after the issuance of letters testamentary.

4. Interest should be computed upon the various balances remaining due to the charitable institutions and corporations in accordance with the instructions of the surrogate and the stipulation of the parties in open court.

5. The doctrine of equitable conversion does not apply to the real property in this estate passing by the operation of section 17 of the Decedent Estate Law, as amended by Laws of 1923, chapter 301. The decree, therefore, correctly directs that the heirs at law of the testator are entitled to the intestate's real property. (*Matter of Braasch*, 206 App. Div. 96; *Matter of Ham*, 213 id. 487; *Jones* v. *Kelly*, 170 N. Y. 401.)

Correct decree in accordance with this decision and resubmit same for signature.