In the Matter of the Estate of HELEN L. BULLARD, Deceased.

Surrogate's Court, New York County, August 8, 1927.

**Wills — validity — Decedent Estate Law, § 17 — computation of remainders going to charity must be made on basis of expectancy of life of life tenant at date of death of testatrix.**

For the purpose of determining the amount of bequests in remainder that may pass to charity where a portion of the bequests may be void under section 17 of the Decedent Estate Law, the value of the remainder must be computed on the basis of the expectancy of life of the life tenant at the date of the death of the testatrix; the actual duration of the life of the life tenant does not afford a proper basis for computation.

ACCOUNTING by trustees.

*Pierce & Hopkins*, for the petitioner.

*Henry Melville*, for Dartmouth College.

*Leverett J. Luce*, for Arthur Sears.

O'BRIEN, S. The trustees of the trusts created by the will of testatrix, and the codicil thereto, are accounting in two of the thirteen trust estates, because of the death of Helen R. B. Sears, who was the beneficiary of one of the trusts which are thus terminated, and one of two beneficiaries of the other trust. The remainderman of all the thirteen trusts is Dartmouth College.

A question is presented as to whether or not the gift of all the

remainders to the college is in violation of section 17 of the Decedent Estate Law (as amd. by Laws of 1923, chap. 301),* which provides that such a bequest shall be valid to the extent of one-half of an estate and no more. The next of kin of decedent who would take the surplus over and above one-half of the estate, if any, contend that as to the trusts which haveterminated, the method of computing the value of the remainders given to Dartmouth College must be based on the actual duration of the trusts. On behalf of the college it is contended that the value of the remainders must be computed under so-called " annuity tables " as of the date of death of the testatrix. As the life beneficiary, who has died, had at the time of testatrix's death an expectancy of life beyond her actual date of death, a computation based on the actual duration of her life will greatly increase the value of the remainder which is now payable to Dartmouth College. On the other hand, if the remainder interests are to be computed as of the date of death of testatrix under the annuity tables, the resulting amount is less than the college will actually receive from these two trusts. The question here presented has arisen before and the authorities are well settled. In *Matter of Durand* (194 N. Y. 477) the court said: " In determining whether the will violated the Act of 1860, we must take the amount of the testator's estate as of the date of his death and compute the then present value of the life estates and of the fund ultimately to go to the University. In making this computation, *it is proper to compute the value and amount of the life interests under tables based upon the probabilities of life, rather than on the lives as they were actually extended.*"

I think this ruling of the Court of Appeals is ample authority to control the present case. Moreover, this rule is manifestly the most just and most practical, as we will see at a glance when we inquire where the contentions of the next of kin lead us. They contend that as to the trusts which have already terminated the valuation of the remainders given to Dartmouth College should be predicated upon actual values at the time of death of life tenants; and on the other hand they urge that the rule laid down in the *Durand* case, above cited, be adopted in determining the value of the remainders in the eleven other trusts. Needless to say such procedure would be inconsistent and unfair. Moreover, the rule we are adopting (*Matter of Durand, supra*) not only meets the exigencies of the administration of estates, by making it possible to determine in the early stages what the amount of the bequests to charitable, educational and other similar institutions are, and

---

* Since amd. by Laws of 1927, chap. 502, in effect September 1, 1927.— [REP.

MATTER OF HACKETT. 339

Misc. 339]     Surrogate's Court, New York County, August, 1927.

thus determine the applicability of the statute in question, but those contemplating the making of wills with bequests to such institutions or purposes have in such a rule at least some guide to enable them to work out their intentions without fear that they may be modified later by the application of the statute. (*Matter of Durand, supra; Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166, 179.)

The next of kin rely for support of their contention on *Matter of Seymour* (239 N. Y. 259) and *Matter of Blumenthal* (124 Misc. 850). As pointed out in *Matter of Shiman* (N. Y. L. J. April 6, 1927) these cases so relied on are not in conflict with the *Durand* and *Hollis Cases* (*supra*), but were decided on the peculiar facts presented therein. Under the method of computation adopted, the remainder interests of Dartmouth College in this estate will not exceed one-half of the estate after the payment of debts, and the bequest to the college, therefore, is entirely valid.

As to the minor questions presented, concerning the disposition to be made of the payments of accrued income and other amounts payable to the estate of Helen R. B. Sears, the disposition suggested in the brief submitted on behalf of the executor of that estate appears to be correct and will be adopted by the court.

Submit decrees on notice settling the accounts accordingly.