In the Matter of the Estate of JOHN R. SLATTERY, Deceased.

Surrogate's Court, New York County, June 12, 1928.

Wills — construction — decedent gave his entire estate, except small annuity, to trustees in trust for life of his widow with directions upon her death to pay over remainder to New York Public Library and other charitable foundations — immediate construction of will decreed — computation adopted based upon expectancy of life of widow — will does not violate provisions of Decedent Estate Law, § 17.

In this proceeding for an accounting involving the construction of a will, by which decedent gave his entire estate, except for a small annuity, to his trustees

Surrogate's Court, New York County, June, 1928.          [Vol. 132

in trust for the life of his widow, with directions upon her death to transfer and pay over the remainder to the New York Public Library and other charitable foundations, the value of the total estate of decedent should be fixed as of the date of his death, and from this should be deducted the amount of his debts only; one-half, and no more, of this sum may vest in charitable corporations. The respective rights of the heirs and the library, as legatee, should be promptly determined, notwithstanding the provisions of sale contained in the will. Therefore, there should be an immediate construction of the will.

The court adopts a computation based upon the expectancy of the life of the widow, and holds that the terms of the will do not violate the provisions of section 17 of the Decedent Estate Law.

PROCEEDING for accounting by executors and trustees involving construction of will.

*Jacob S. Gross,* for the executors.

*Sherman & Sterling* [*Cortland Betts* and *George W. Sheldon* of counsel], for Katherine B. Donovan and other heirs at law.

*James H. Hickey,* for Margaret S. Rathers and others, next of kin.

*Stewart & Shearer* [*John M. Mottola* and *George L. Shearer* of counsel], for New York Public Library, Astor, Lenox and Tilden Foundations.

*Vito F. Lanza,* for Martha B. Dickinson.

*Maurice Bloch,* special guardian.

FOLEY, S. In this accounting proceeding brought by Adele Slattery and Warner M. Westervelt, as executors and trustees of the estate, a question of construction arises. It is claimed that the will violates the provisions of section 17 of the Decedent Estate Law (as amd. by Laws of 1927, chap. 502) because by its terms more than one-half of the estate was left to charity. With the exception of a small annuity to an aunt of the deceased, the entire estate was given to the trustees in trust for the life of the widow with directions upon her death to transfer and pay over the remainder to the New York Public Library, Astor, Lenox and Tilden Foundations. The latter corporation urges an immediate construction to the effect that the will is valid, that a computation of the value of the life estate to the widow, based upon her expectancy of life, establishes that section 17 of the Decedent Estate Law was not violated. The heirs and next of kin urge that there is no present need for construction. They ask for a postponement of interpretation until the termination of the life estate and the falling in of the trust remainder. They argue to the effect that the recent decision of the Court of Appeals in *Matter of Seymour* (239 N. Y. 259, modifying and affg. 209 App. Div. 655) has modified its previous decisions and established a rule that the actual

duration of life of the life tenant must be used as the basis of computation, instead of the mortality tables. Under the special circumstances of this estate I hold that there should be an immediate construction of the will, no valid reason exists for postponement, and that the will is in no respect invalid under the provisions of section 17. Under certain circumstances, postponement of construction is justified, particularly where the question before the court is an abstract or academic one, or where, by conditions or contingencies in the will, a present determination in advance of the ultimate vesting would be mere speculation. (*Matter of Mount*, 185 N. Y. 162; *Manice* v. *Manice*, 43 id. 303; *Matter of Hance*, 180 N. Y. Supp. 269; affd., 192 App. Div. 904; *Matter of Hoffman*, 201 N. Y. 247.) But in all of these cases the underlying reason for postponement was the contingent nature of the future interest or remainder. In the present estate the remainder vested absolutely at the death of the testator in the New York Public Library. The element of contingency is absent from the case. It is of particular interest to the library that the nature of the gift and whether it be valid or invalid should be promptly determined. Real estate of considerable value is included in the trust estate. Notwithstanding the power of sale contained in the will, the respective rights of the heirs and the library as legatee should be promptly determined. A present construction is, therefore, necessary and desirable, and it becomes important to determine the method of valuation to be adopted.

The value of the total estate of the decedent is to be fixed as of the date of death, under the provisions of the statute, and from this is to be deducted the amount of the debts only. One-half, and not more, of this sum may vest in the charity. The rule as to the employment of expectancy in the valuation of the life estate has been repeatedly enunciated. (*Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166; *Matter of Durand*, 194 id. 477; *Matter of Shiman*, 130 Misc. 716.) In certain cases involving special circumstances, the actual duration of life of the life tenant has been taken. Thus in my decision in *Matter of Blumenthal* (124 Misc. 850), which was an extreme case, the life tenant survived the testator by only a few days, and the fact of the life tenant's death had been established before the will was even admitted to probate. In *Matter of Seymour* (*supra*) the Court of Appeals affirmed the acceptance by the Appellate Division of actual duration of life as the measure of the life estate. There is no discussion of that particular question in the opinion of the Court of Appeals. But in that case the life tenant lived approximately two years and nine months

after the testatrix, and the difference between expectancy and the actual term of survivorship was negligible.

There is much force in the argument of counsel for the heirs that there should be one uniform standard of computation in every estate and that the test should be the actual duration of life. Injustice is bound to occur where actual life may be accepted in certain cases, and the annuity tables in others. Such conflicting methods are bound to lead to discrimination against the heirs and next of kin or favoritism to the charity. Moreover, the inconsistency will inevitably lead to skirmishing for position by either side. In the case of an imminent death of the life tenant, a trustee friendly to the heirs, or the heirs themselves, may delay the request for construction until death occurs. Whereas the charity, contending for the rule of computation by the annuity tables, will in every case seek a hurried determination in its favor. In the case of the early death of the life tenant at a time short of the period of expectancy, the heirs may well argue that in fact the statute is violated and that contrary to its terms the charitable remaindermen will receive more than one-half of the estate. But the wisdom of the establishment of one uniform rule applying to all cases rests with the Legislature or with the Court of Appeals. In the absence of a clear enunciation of a change of policy by the latter, the decisions cited above in *Hollis* v. *Drew Theological Seminary* (95 N. Y. 166) and *Matter of Durand* (194 id. 477) must be deemed to lay down the rule to be followed. The surrogate in this case will, therefore, adopt a computation based upon the expectancy of life of the widow and hold that the terms of the will do not violate the provisions of section 17 of the Decedent Estate Law.

Submit decree settling the account and construing the will accordingly. The decree may contain a provision allowing the personal claim of the executrix to the securities set forth in Schedule G of the account, which I hold are her individual property and not assets of the estate.