In the Matter of the Estate of FLORA Q. LORD, Deceased.

Surrogate's Court, New York County, March 20, 1935.

*Wilmer J. McAllister*, for the executors.

*Tanner, Sillcocks & Friend*, for the Presbyterian Home for Aged Women.

*Stewart & Shearer*, for the New York Society for the Relief of the Ruptured and Crippled.

FOLEY, S. In this executors' accounting a question arises as to whether the terms of the will violate the provisions of section 17 of the Decedent Estate Law, which limit gifts to charity. In the estate tax proceeding the appraiser found that the residuary charities named in the will received $4,384.47 more than lawfully permitted by section 17 of the Decedent Estate Law, and the decree submitted here seeks to pay this sum to the husband as intestate property.

The attorneys for one of the three charitable residuary legatees contend that the appraiser's computation is in error and not binding on the court in the distribution of the estate. Their computation indicates that the statute has been violated only to the extent of $1,332.85 and they contend that this is the limited amount which may be paid to the husband as intestate property. In computing the one-half interest of the estate which charity may take under section 17 of the Decedent Estate Law, only the debts may be deducted from the value of the gross estate as of the date of the testator's death. (*Matter of Slattery*, 132 Misc. 319; affd., 226 App. Div. 795.) The tax appraiser erroneously deducted the administration expenses. The contention of the husband that the computation by the appraiser is conclusive and that the order entered in the tax proceeding is *res judicata* in this accounting proceeding is untenable. The order in the tax proceeding is conclusive only on the question of taxation. (*Matter of Ullmann*, 137 N. Y. 403; *Amherst College* v. *Ritch*, 151 id. 282; *Matter of Burger*, 123 Misc. 308; *Matter of Crawford*, 85 id. 283, 290.)

The testatrix by the second, third and fourth paragraphs of the will made specific bequests of personal jewelry valued at $450 to certain individuals. The fifth paragraph bequeaths a $10,000 legacy to Frank N. Lord, the husband of testatrix. The sixth and seventh paragraphs dispose of the residuary estate by creating a trust for the benefit of the husband, Frank N. Lord, for life, with remainder on his death to three specified charities in equal shares. The gross estate was valued at death in the sum of $78.379.48. The method of applying to this estate the rule for computing the

value of the testamentary gifts passing to charity where there is a trust involved is as follows: From the total assets of the estate, valued as of February 18, 1932, the date of death of the testatrix, deduct the debts, amounting to $347.63, which leaves a balance of $78,031.85. One-half of this amount, or $39,015.92, is the maximum that charity may take. As a trust is created of the residuary estate, the value of the assets is to be taken under the statute as if converted into money at the date of death. The various interests of the respective beneficiaries are likewise to be determined upon that valuation and as of the same date.

Doubt has arisen in the minds of some persons as to the valuation of future interests to charities under the new form of section 17 of the Decedent Estate Law since the amendment which became effective on September 1, 1930. This amendment was added by the Legislature by chapter 229 of the Laws of 1929 on the recommendation of the Decedent Estate Commission. It provided where payment of a devise or bequest to a charity was postponed, that in computing the one-half part of the charity no allowance may be made for such postponement or for any interest or gains which may accrue after the testator's death. It has been claimed that by the use of the word " postponement " there was indication of an intent on the part of the Legislature and the Commission to change the former rule which, in cases of remainder gifts to charity, fixed the methods for the computation of the valuation of the life estate, either legal or equitable, and the deduction of its value from the corpus of the fund in order to ascertain the value of the remainder interest passing to the charity. The Decedent Estate Commission intended no such change. Its note to the amendment to the section, which was printed in the legislative measure, sets forth the purpose of the amendment. The note itself, therefore, is evidence of the legislative intent. It was intended to change the rule enunciated by the Court of Appeals in *Matter of Seymour* (239 N. Y. 259). That case held that in order to compensate the charitable remaindermen for postponement in the payment of its share of the remainder, interest should be added to the permissible legal limit to the charity for the period of postponement. The effect of this decision was to permit the addition of five per cent interest compounded annually upon the one-half allowable to charity until the death of the life tenant. Thereby, if the date of death happened beyond the period of expectancy, the intestate excess tentatively set aside for the next of kin as of the date of death of the testator might have been completely consumed or to a great extent reduced by the accumulation of compound interest for the period beyond expectancy. There was no intention, either expressed on the part of the Commission

or implied on the part of the Legislature that the amendment made in 1929 should affect the rule then existing which provided for the valuation of the life estate and for its deduction from the corpus of the trust where the remainder went to charity. To have eliminated the inclusion of the value of the life estate as an element in the computation would have been an unwarranted attempt to ignore the fact that a real benefit was passing to a life tenant within the class of non-charities. It would also have disregarded the fact that the benefit to the charity was actually reduced by the value of the life estate. No such unjust purposes were intended.

To determine whether the gifts to the charities exceeded the permissible one-half, there must be computed the value of the husband's life estate in the residuary trust. This computation will be based upon expectancy and actuarial values. (*Matter of Bullard*, 130 Misc. 337; affd., 225 App. Div. 734; affd., 253 N. Y. 562; *Matter of Durand*, 194 id. 477; *Hollis* v. *Drew Theological Seminary*, 95 id. 166, 179.) The value of the trust fund in which the husband has a life estate is determined by deducting from the gross estate of $78,379.48 the sum of $15,794.83, consisting of debts of $347.63, specific legacies of $450, the out-right legacy to the husband of $10,000 and the administration expenses of $4,997.20. The corpus of the residuary trust as computed on values as of the death of the testatrix is, therefore, $78,379.48, less $15,794.83, or $62,584.65. The husband was sixty-three years of age at the time of his wife's death and the value of his life estate in the residuary trust fund, based upon expectancy, is $25,217.86. The present value, as of the date of death, of the remainder passing to charity was $37,366.79. As this amount does not exceed $39,015.92, the one-half permitted to charity, the will does not violate section 17 of the Decedent Estate Law, and the charities are entitled to the entire remainder on the termination of the trust.

Submit decree on notice construing the will and settling the account in accordance with this decision.