S. Samuel Di Falco, S.
In this proceeding to settle the trustee’s account, petitioner prays for a construction of the will. The pertinent paragraphs are as follows:
‘ ‘ Fourteenth. All the rest, residue and remainder of my estate I hereby give, devise and bequeath to my Executor, hereinafter named, In Trust, to receive and hold the same, collect the income therefrom and pay over same to my son Sutherland palmer during his life, and upon his death, to pay over the principal to his issue then living, in equal shares per stirpes.
“ Sixteenth. In the event that my son Sutherland Palmer shall die before me, leaving no issue him surviving, I give, devise and bequeath such portions of my estate as have been hereinbefore bequeathed and devised to my said son, directly or in trust, as follows:
“ (a) The sum, of Ten Thousand' Dollars ($10,000.) to new york diet kitchen association, inc. a New York corporation, for its corporate uses and purposes.
' “ (b) The balance to the children then living of my friend Susie G-. Lowndes and of my friend E. Prioleau G-aillard and the issue of such as maj^ have died; each living child to take an equal share and the issue of any deceased child to take the share that the parent would have taken if living.”
*141 Sutherland Palmer, the life beneficiary, is still living, is married but has no issue. As shown above there is provision in the will for disposition of the remainder in the event he predeceased testatrix leaving no issue. There is no provision, however, for its disposition in the contingency that he survived her and died without issue. It is contended on behalf of Sutherland Palmer, who is the only distributee of the testatrix, that on the latter contingency the gift over would fail and the remainder pass by intestacy. The remaindermen named in paragraph sixteenth, who are a charitable corporation and children of friends of the testatrix, or their issue, urge that in that event the remainder passes to them as a gift by implication.
Rather than await termination of the trust, the court in its discretion will construe the will at this time. (Matter of Mount, 185 N. Y. 162; Matter of Deaken, 99 N. Y. S. 2d 365; Matter of Slattery, 132 Misc. 319.)
There is no revocation clause in the will and, while the present proceeding was pending, the remaindermen offered for probate a prior will which did provide for the contingency in question. It was offered on the theory that a reading of the wills together would tend to support their theory of a gift by implication. Probate of the prior will was denied on the ground that the later will in fact revoked said prior will since it was inconsistent therewith and disposed of testatrix’ entire estate (Matter of Moore, 6 Misc 2d 107). The last will must be construed by itself. As stated in Brown v. Quintará (177 N. Y. 75, 83): 11 When a will is revoked it no longer expresses the testamentary intention of its maker. To the extent that the provisions of two wills of the same testator are identical there is, of course, no necessity for explanation. But when they are different the last must speak for itself. If this were not so a testator could never safely change or revoke his will. In the case at bar the former will was received to show that it contained provisions which were inadvertently omitted from the last will. If the two wills could be read together the conclusion would be obvious. But the testator’s last will must be read and construed by itself in the effort to ascertain his intent. When thus read and construed no court can say that the omissions in the last will were inadvertent. Non constat that may have been the very purpose of revoking the former will and making another.”
An examination of the will discloses its language to be clear. After a devise of realty to Sutherland Palmer in paragraph third and a monetary bequest to him in paragraph fourth, testatrix in paragraph fourteenth gives her residuary estate in trust, income to her son for life and upon his death, principal *142 to his issue then living in equal shares. In paragraph sixteenth she provides for distribution of principal to named remainder-men in the event her son predeceased her without issue. There was no need to provide for distribution in the event he predeceased her leaving issue, since it would have passed to issue under section 29 of the Decedent Estate Law. Should he survive her leaving issue the remainder would pass to such issue under paragraph fourteenth. The implication possibly to be drawn from her failure to provide for the contingency of his survival of her and subsequent death without issue is that testatrix then intended that the remainder pass in accordance with the laws of intestacy. This intention is supported when you read the clause in paragraph sixteenth, which provides: “ Such portions of my estate as have been hereinbefore bequeathed and devised to my said son, directly,” as well as in trust. It cannot be claimed seriously that, in the event her son survived her and died without issue, the remaindermen would be entitled by implication to the outright general legacies in paragraphs third and fourth, which had already been received by him. In fact they do not even so contend, yet this would be the logical corollary to their reliance on the language of paragraph sixteenth to support a gift of the trust remainder by implication. Under the plain language of the will these legacies would have passed to them only if he predeceased her without issue. The same distribution follows with respect to the principal of the fund held in trust.
The general rule respecting gifts by implication was summarized in Brown v. Quintard (177 N. Y. 75, 84-85, supra): “ ‘ To uphold a legacy by implication, the inference from the will of the testator’s intention must be such as to leave no hesitation in the mind of the court and permit of no other reasonable inference.’ (Bradhurst v. Field, 135 N. Y. 564.) ‘ To devise an estate by implication there must be so strong a probability of such an intention that the contrary cannot be supposed.’ (Post v. Hover, 33 N. Y. 594.) ‘ Especially is this true when the implication sought to be drawn will result in the disinherison of an heir. ’ (Scott v. Guernsey, 48 N. Y. 106.) 1 The rule is peremptory that the heirs shall not be disinherited unless by plain and cogent inference arising from the will.’ (Quinn v. Hardenbrook, 54 N. Y. 83; Lynes v. Townsend, 33 N. Y. 558.) ”
The remaindermen and special guardian rely on Matter of Haber (281 App. Div. 383, affd. without opinion 306 N. Y. 706). There the will provided for a gift over to children of a brother if he predeceased testator. He survived him and there was no dispositive provision in that event. The court held that there *143 was a clear inference from the entire will of testator’s intention to provide for the children in the contingency which actually occurred, stressing the fact that elsewhere in the instrument he directed invasion of trust principal for their education. Clearly there was a gift by implication. However, there is no inference or implication in the instant will that testatrix intended to benefit the remaindermen if her son survived her without issue in like manner as if he predeceased her leaving no issue.
In Matter of Englis (2 N Y 2d 395) the remainder of a trust for the widow and son was given to his children on his death. There was a similar trust for a daughter. Testator further provided that if on his wife’s death both children should be dead without issue, the remainder was to go to his sisters then living. Both children survived the widow, however, and first the son and then the daughter died, without issue. This contingency was unprovided for and the surviving sister claimed a gift of the remainder to her by implication. The court held that there was an intestacy, pointing out that the only contingency provided for, namely, the death of the son and daughter without issue before the wife, did not occur. The court there distinguished Matter of Selner (261 App. Div. 618, affd. 287 N. Y. 664), also relied upon by the remaindermen here, where there was a holding of a gift by implication, stating (p. 402): “ We think that was a rare and exceptional case.”
In Matter of Slater (3 N Y 2d 109) testator created a trust and provided for ultimate distribution of the remainder, (1) if his children survived his widow and left issue, and (2) if they predeceased her without issue surviving. He failed to provide for the contingency which did occur, namely both children dying after, without issue. The court, following Matter of Englis {supra) held that there was no gift by implication.
In Matter of Haber (supra) it was possible from a reading of the entire will to find a gift by implication. In Matter of Englis and Matter of Slater (supra), the court could see no basis for so finding. In the instant case the only possible conclusion to be drawn from a reading of the will itself is that testatrix intended that the remainder of the trust as well as the outright gifts pass to the remaindermen only in the event the life beneficiary predeceased her without issue. If he survived her leaving issue the remainder passed to them under the provisions of paragraph fourteenth. If he survived her without issue certainly the legacies, long since vested in Sutherland Palmer, would not pass to the remaindermen. There is not the slightest implication to be drawn from a reading of the will *144 that testatrix intended to treat the trust remainder differently. She merely failed to provide for such contingency.
In Matter of Englis (2 N Y 2d 395, supra) the Court of Appeals, quoting from the dissenting opinion in the Appellate Division, stated as follows (pp. 401-402): “ ‘Thus, the testator’s intentions having been exhausted with respect to the contingencies expressly. covered in the will, there is no occasion to speculate what his intention would be, if he had been required to consider the circumstances that have in fact occurred. His sisters were only incidental objects of his bounty. They were not only collateral in blood, but they were collateral in interest. His interest was in his descendants. An omission there might have supplied a ground for an implied gift. But the interest in his sisters did not persist beyond the death of testator’s widow, if, at that time, there were children surviving. Accordingly, there is no occasion to rewrite the will to benefit such collateral relatives twenty:seven years after the death of testator. (See Matter of Maybaum, 296 N. Y. 201, 205, and Matter of Durand, 250 N. Y. 45.) ’ ”
The court finds no gift by implication present in this case and holds that in the event testatrix’ son, Sutherland Palmer, dies without issue surviving, the remainder of the residuary trust will pass as intestate property.
Submit decree on notice settling the account and construing the will accordingly.