Nathaniel T. Helman, J.
In this proceeding under article 79 of the Civil Practice Act for the settlement of the first intermediate account of Bankers Trust Company as trustee under *367 article Sixth of the last will and testament of Alfred H. Rogers, instructions have been requested concerning the remainder interest of Katherine Estes Lacy in the principal of the trust fund.
It apears that Alfred H. Rogers died on March 3, 1920, a resident of the State of Missouri, leaving a last will and testament which included a bequest of certain securities to the present trustee. By the provisions of article Sixth of the will, income from the trust was to be paid for the sole use and benefit of testator’s daughter, Le Claire Rogers Estes, during her lifetime. Upon the death of his daughter, the will contained the following directions:
“ After her death said fund shall continue to be kept in trust and intact for the use and benefit of any child or children of her body for a period which shall in no event exceed thirty years after the date of my daughter’s death.
‘ ‘ It shall be the duty of the trustee upon that date, or whenever prior to that date any child of my daughter shall have reached the age of forty years, to pay over and deliver to said child or children, his or her proportionate share in the corpus and any undistributed earnings in said trust fund, the distribution to be made share and share alike between her children.”
The daughter, Le Claire, now 67, gave birth to one child, Katherine, in 1917, who is the presumptive remainderman of the trust. Katherine, who has already attained age 40, was in being at the date of the creation of the trust, and, should she survive her mother, would be entitled to the principal of the trust. Doubt seems to have been cast upon the meaning of the words “ upon that date ” in article Sixth as reflecting on the vesting of the remainder interest. The quoted language provides for payment “upon that date” (30 years after the date of death of Le Claire) or whenever prior thereto a child of Le Claire attains 40 years of age. That the language of the will omitted any express reference to the contingency of a child of Le Claire attaining the age of 40 years at or before the death of Le Claire, does not mean that the intent was to deny vesting to a child who reached 40 before the death of Le Claire. The clear meaning of article Sixth was to include within its scope any child of Le Claire who attained 40 during her mother’s lifetime.
In approaching other questions involving the validity and construction of the trust, it must be recognized that the law of the domicile of the testator must govern (Cross v. United States Trust Co., 131 N. Y. 330; Matter of Gifford 279 N. Y. 470; Decedent Estate Law, § 47; Restatement, Conflicts of Laws, § 295).
*368 Turning then to the decisions and statutes of Missouri, there is much to support the interpretation of the quoted provisions, as an expression of intent to accelerate the vesting of the remainder interest, so as to entitle Katherine to her share outright on the death of her mother (Miller v. Kriner, 247 S. W. 2d 757 [Mo.]; Speed v. St. Louis Merchants Bridge Term. Ry. Co., 163 Mo. 111). It follows that the Missouri Buie of Perpetuities (the common-law rule ) is not violated if the gift of the remainder interest became vested in Katherine at the date of death of Alfred H. Rogers. The class of “ lives in being ” would then close upon the death of Le Claire. It is my view that since Katherine was born prior to the death of the testator, her interest in the corpus became vested on the latter’s death, with use and possession of that interest postponed until she attained the age of 40. Only the birth to Le Claire of subsequent children could have affected the interest of Katherine. The well-settled Missouri principle that if the will is susceptible of two possible constructions, one of which would render it void under the Rule against Perpetuities, whereas the other would permit it to stand, the latter construction should be adopted, lends further support to these views (Deacon v. St. Louis Union Trust Co., 271 Mo. 669).
I recognize that a present determination of these matters may avoid the necessity of a further judicial accounting upon the death of Le Claire. It may also assist the income beneficiary and the remainderman in planning their estates, a principle which has met with judicial approval (Healy v. Empire Trust Co., 276 App. Div. 305; Matter of Moore, 11 Misc 2d 139).
The decree to be submitted herein may contain instructions (a) that Katherine Estes Lacy has a vested interest in the principal of the trust fund; (b) approving the allocations of stock distributions as shown in Schedule G; (c) that the law of Missouri governs the treatment of future stock distributions to be received in the trust fund.