In the Matter of the Estate of FRANK HEALY, Deceased.

Surrogate's Court, Kings County, November 26, 1930.

*Sillcocks, Gedney & Homes*, for the petitioner Raymond Healy, sole surviving executor of the will of Frank Healy.

*Cullen & Dykman*, for Brooklyn Trust Company, as trustee of the trusts created in and by the will of Frank Healy.

*James F. Carroll*, for the estate of Elizabeth E. Healy.

WINGATE, S. The sole question here presented is as to the commissions payable to the estate of a deceased executrix. Letters testamentary on the estate of Frank Healy were issued on October 14, 1918, to Elizabeth E. Healy and Raymond Healy. The principal of the estate which came into their hands amounted to $1,176,365.33, and the amounts paid out up to October 11, 1921, amounted to $1,077,289.74. The corresponding figures concerning income were $193,477.40 receipts, and $172,461.33 payments.

Elizabeth E. Healy died on October 11, 1921, never having applied for nor received any payment on account of commissions. The present account by the surviving executor of Frank Healy and the executors of the will of Elizabeth E. Healy was filed in this court on October 1, 1930, and the court is requested to fix the recompense properly payable to the estate of Mrs. Healy.

It is unquestionable that the commissions allowable to a testamentary fiduciary who, for any reason, ceases to act prior to the settlement of the estate is entirely within the discretion of the court up to the total fixed by section 285 of the Surrogate's Court Act. (*Matter of Bushe*, 227 N. Y. 85, 93; *Matter of Barker*, 230 id. 364, 371.) The sole present dispute is as to whether the limit of such discretion is fixed by the rates of commission as increased by the amendment to section 285 effected by chapter 649 of the Laws of 1923, which went into operation September first of that year, or according to the rates effective prior to that date.

It is well settled that under ordinary circumstances the rates governing the award of statutory compensation are those which are in effect at the time such award is made. (*Matter of Barker*, 230 N. Y. 364, 374; *Robertson* v. *DeBrulatour*, 188 id. 301, 316, 317; *Whitehead* v. *Draper*, 132 App. Div. 799, 802; *Dakin* v. *Demming*, 6 Paige, 95, 101; *Matter of Naylor*, 164 N. Y. Supp. 462, 463.)

It is, therefore, obvious that had the deceased executor lived until the present time, she would have been absolutely entitled to commissions at the higher rate. The fact of her death in the interim cannot be held to have affected the value of her services to the estate performed prior to her death. Indeed it would seem an anomalous result to hold that her cofiduciary merely by reason of the contingency of survivorship had thereby increased the comparative value of his contribution to their common performance.

While it is, as noted, undoubtedly the law that the compensation of the deceased fiduciary is, within the defined limits, discretionary, such discretion is a purely judicial one. It is the opinion of the court that in view of the expression of legislative policy evidenced by section 285, any exercise of such discretion which failed to allow

the estate of the deceased fiduciary at half rates upon all sums and property received and at a like rate upon so much thereof as was paid out during the incumbency of the fiduciary, would cast upon the court the onus of explaining the reason for such act. In the case at bar no such reason exists, and the court, in the exercise of its discretion, therefore, determines that the estate of Elizabeth E. Healy is entitled to receive commissions at one-half the present statutory rate on $1,369,842.73, which is the value of the estate property received by her, and to like commissions on $1,249,751.07, the aggregate of the sums paid out by the executors prior to her death.

Enter decree, on notice, accordingly.