In the Matter of the Will of IDA R. OPDYKE, Deceased. (Two proceedings.)

In the Matter of the Accounting of WILSON C. PRICE, as Executor of IDA R. OPDYKE, Deceased.

SOUTHERN BAPTIST CONVENTION, Appellant; WILBUR F. OPDYKE, Respondent.

(Argued November 24, 1930; decided January 6, 1931.)

*J. Russell Rogerson* for appellant. The bequest to appellant does not violate the provisions of section 17 of the Decedent Estate Law. (*Amherst College* v. *Ritch*, 151 N. Y. 334; *Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166.)

*Ernest Cawcroft* and *H. Stanley Turnquist* for respondent. The statute must be applied to the testament and the estate, valued as of the day of death. A gift to a charitable corporation is a general legacy for a fixed sum. (*Matter of Carnegie*, 117 Misc. Rep. 806; 236 N. Y. 517; *Matter of Blumenthal*, 124 Misc. Rep. 850; *Matter of Brooklyn Trust Co.*, 179 App. Div. 262; *Matter of Johnson*, 76 Misc. Rep. 391; *Matter of Donchian*, 128 Misc. Rep. 51; *Matter of Arnolt*, 127 Misc. Rep. 579; *Matter of Shiman*, 130 Misc. Rep. 716; *Matter of Bulliard*, 130 Misc. Rep. 337; *Matter of Ham*, 123 Misc. Rep. 889; *Matter of Merritt*, 124 Misc. Rep. 709; *Matter of Fisher* v. *Lister*, 130 Misc. Rep. 1; *Matter of Beck*, 130 Misc. Rep. 765; *Matter of Allen*, 111 Misc. Rep. 93.) Section 17 of the Decedent Estate Law must be applied to the charitable gift even though the testatrix bequeathed less than one-half of her estate to the appellant. The law became applicable the moment the accounting proceeding revealed that the profits and increases accruing since death were in excess of one-half of her net estate, valued as of the day of death. (*Matter of Sugden*, 223 App. Div. 844; 249 N. Y. 541.) The profits and increases on the charitable unit of the estate were an intestacy. (*Matter of Mould*, 117 Misc. Rep. 1; *Matter of Evans*, 37 Misc. Rep. 475; *Matter of Walker*, 136 N. Y. 20; *Barber* v. *Terry*, 173 App. Div. 469; *Matter of Deming*, 174 N. Y. Supp. 175; *Abbott* v. *James*,

111 N. Y. 673; *Knickerbocker Trust Co.* v. *King,* 126 App. Div. 691; *Matter of Grossman,* 131 Misc. Rep. 526; *Matter of Slattery,* 132 Misc. Rep. 319; *Clark* v. *Cammann,* 160 N. Y. 328; *Lefevre* v. *Lefevre,* 59 N. Y. 434; *Matter of Hayman,* 134 Misc. Rep. 803; *Wright* v. *Wright,* 225 N. Y. 329; *Matter of Hoffman,* 201 N. Y. 247; *Matter of Gallien,* 247 N. Y. 195.)

KELLOGG, J. The last will of Ida R. Opdyke directed that after the payment of her debts and funeral expenses, and the satisfaction of certain minor legacies of furniture, silverware and the like, " All of the rest, residue and remainder of my property of every sort and description shall be divided into two equal parts." Out of one part she bequeathed the sum of $5,000 to the First Baptist Church of Jamestown, N. Y. " The balance of this one-half of my estate " she devised and bequeathed, for educational purposes, to the Southern Baptist Convention. The other one-half part she devised and bequeathed to a trustee upon certain trusts for her son Wilbur F. Opdyke, her grandson George Francis Opdyke, and the issue of the latter, the nature of which is not material upon this inquiry.

The Decedent Estate Law (Cons. Laws, ch. 13), in section 17, as it read when the testatrix died, provided as follows: " No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more." (L. 1923, ch. 301.) It is not possible to discover wherein these provisions have the remotest applicability to the will under consideration. The statute forbade Ida R. Opdyke, having a son, to devise or bequeath to any religious society " more than one-half part " of her estate. Ida R. Opdyke did bequeath

" one-half part " of her net estate to religious uses; she made no other bequests to such uses. Consequently, stricter compliance with the provisions of the statute, than as shown by her will, is unimaginable.

The assets of the estate, appraised as of the time of death of the testatrix, had an approximate value of $400,000. Due to advantageous sales of her securities, made subsequently to her death, the assets now have a value of approximately $600,000. It has been held, under the supposed authority of *Matter of Seymour* (239 N. Y. 259), that the statute did not permit the testatrix to leave to religious uses more than $200,000, or one-half of her estate at the date of her death, as then valued; consequently, that $100,000, the gain subsequently accruing upon that one-half, could not pass to the religious society named. The result flowing from this holding is curious: The gain which the society may not take does not pass into the trust fund, for the reason that such fund is to be erected " out of the other half," and the gain does not proceed from such half. Consequently, as to it there is an intestacy. Yet, the gain accruing upon the $200,000, which the trustee takes, emerges " out of the other one-half " and constitutes a part thereof. Apparently, there are involved, in the holding, these anomalies: That there may be two unequal halves of the same thing; that a gift of two halves is a gift of less than the whole; that a bequest of " all the rest, residue and remainder of my property of every sort and description " is a gift only of a part. The explanation given is that the same thing is not halved; that one-half of an estate given to non-charitable purposes is one-half of the entire estate transferred; whereas, given to charities, it may not be, under the statute, more than one-half of the estate as valued at the date of the testator's death. In point of fact, the statute makes no such provision, since its prohibition runs only against a gift by a testator of " more than one-half part of his or her estate."

There may be cases where the content of a will does not disclose the ratio between the sum given to charities and the total sum which the testator's death is operative to transfer; where reference must be made to facts appearing extrinsically to determine whether a charitable gift exceeds " one-half part " of the estate, and, if so, how great the prohibited excess may be. The determining factor, the total sum transferred, must be ascertained by a valuation of the testator's assets at the date of his death, or by a reference to their value at the date of distribution. It is necessary that the one standard or the other should be chosen, for the factor, establishing or disproving a statutory violation, should be constant. Logically, a valuation at the time of the testator's death is the base which should be chosen; for, that being the moment when the transfer and the will become operative, at that time the testator has or has not made a bequest in violation of the statute. Such was the rule laid down in *Matter of Seymour* (*supra*) and *Matter of Sugden* (249 N. Y. 541). In the former, Judge ANDREWS, stating that the base of the computation must be the valuation at the testator's death, said: " As of that time the value of the estate is to be fixed upon the same basis as if it had been then turned into cash and the amount which a charitable corporation may receive then determined." In so holding the court merely reaffirmed the doctrine laid down in *Hollis* v. *Drew Theological Seminary* (95 N. Y. 166, 178), where Judge EARL said: " To ascertain whether a testator has given more than one-half of his estate, his whole estate must be treated as converted into money at his death; and if the money value of the portion given is not more than one-half, then the statute has not been violated."

In our case the testatrix has in express words provided that one-half of her net estate and no more shall pass to religious uses. No matter what the estate might be, whether it gained or lost through administration, one-

half part, through the medium of a trust, was to pass to the descendants of the testatrix, and a one-half part of the same estate was to pass to religious societies. Obviously the will did not violate the statute, and no computation could affect the unalterable fact. Therefore, the computation, found necessary in *Matter of Seymour (supra)* and *Matter of Sugden (supra)*, is wholly needless here and the rules of calculation therein laid down have no application. The religious societies, on distribution, must together receive a sum equal to a one-half part of the then net estate, as directed in plain terms by the testatrix.

The order should be modified in accordance with this opinion and, as modified, affirmed, with costs to the appellant.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.