In the Matter of the Estate of DAISIE G. GAUBERT, Deceased.

Surrogate's Court, Kings County, January 9, 1936.

*C. Albert Vonhof*, for William Austin Moore, as executor and cotrustee.

*Connolly & Frey*, for the Chase National Bank of the City of New York, cotrustee.

*Edward B. Thompson*, for Sarah E. Hains, mother of decedent and beneficiary of trust, objectant to account.

*Rutherford S. Moorhead*, for The Imperial Council of the Ancient Arabic Order Nobles of the Mystic Shrine of North America, legatee.

WINGATE, S. The mother of the testatrix has appeared herein and objected that the provisions of the present will are violative of section 17 of the Decedent Estate Law.

The value of the gross estate of the testatrix at the date of her death was $69,757.19. The net estate for the purposes of the present problem is the gross estate, less debts ($555.56), or the sum of $69,201.63, one-half of which ($34,600.82) is the maximum that the charity-beneficiary may receive in view of the objections raised.

The corpus of the trust in which the mother of the testatrix is given a life interest is determined by deducting from the gross estate ($69,757.19) the debts of the decedent ($555.56), the specific bequests in paragraph second of the will ($2,612.50) and the administration expenses ($4,266.69). These deductions total $7,434.75, and when subtracted from the gross estate give a trust corpus of $62,322.44. The testatrix's mother, who was eighty-two years old at the time of her death, is entitled to the income

of the trust fund for life. The present value of such interest is $8,602.36. Upon the death of the testatrix's mother the trust is to terminate except as to the sum of $10,000 of the principal fund. With respect to this latter sum, it is provided that the trust shall continue for the benefit and during the life of May Emma Hollis, a friend. The present value of her interest in such trust fund, which, it must be remembered, is not to commence until the mother's death, is $4,029.40. The total trust corpus is $62,322.44; the value of the combined life interests therein is $12,631.76. It follows that the value of the remainder interest therein which is given by the will to the charity-beneficiary is $49,690.68. This is in excess of the legal maximum which the charity-beneficiary may take, and violative of section 17 of the Decedent Estate Law. The gift to the charity is reduced to one in the sum of $34,600.82. (*Matter of Miranda*, 151 Misc. 459; *Matter of Sonderling*, 155 id. 403; *Matter of Lord*, Id. 628.)

On behalf of the respondent it is urged that such portion of the testamentary gift to the charity-beneficiary as is in excess of that permitted by statute is immediately payable to the distributees of the testatrix. The law is to the contrary. There is no present testamentary failure here. The trust provisions for the benefit of Sarah E. Hains and May Emma Hollis are valid, and no distribution of the corpus of the trusts can be made to either the charity-beneficiary or the distributees of this testatrix prior to the death of Sarah E. Hains. (*Matter of Franklin Trust Co.*, 190 App. Div. 575; *Matter of Sonderling, supra; Matter of Apple*, 141 Misc. 380.)

Submit decree on notice.