In the Matter of the Estate of HENRY L. BUCK, Deceased.*

Surrogate's Court, New York County, January 15, 1936.

*Davies, Auerbach & Cornell [Sydney G. Soons and Harrison F. Durand of counsel], for the executor.*

*Robert Williamson,* for the widow.

*John C. West,* for The Christian and Missionary Alliance.

DELEHANTY, S. Since the decision in this matter (158 Misc. 111), the distinguished surrogate of Kings county in *Matter of Moore* (N. Y. L. J. Jan. 11, 1936, p. 207) has restated in effect the rule

---

* See *Matter of Buck,* 158 Misc. 111; *Matter of Voelker,* Id. 97; *Matter of Kaufman,* Id. 102.

declared by him in *Matter of Miranda* (151 Misc. 459) respecting the proper measure of gifts to charity when such gifts are challenged pursuant to section 17 of the Decedent Estate Law. Comment is made at this time upon that decision because in it reference is made to *Matter of Lord* (155 Misc. 628) to support a method of computation which the case as interpreted by the surrogates of New York county does not support. In that case and in the other cases cited in the original decision in this proceeding the New York county rule is stated to be that the actual value *as of date of death* of the gift to charity was to be measured and if that value was found to be within the statutory limit the gift as a whole would be validated though the amount of it when actually paid (as for instance at the end of a life estate) *then* amounted to more than half the estate less debts as of the date of death.

The whole difference between the surrogates is due to a difference in viewpoint as to what is the true value of the gift to charity. The rule stated in *Matter of Miranda* (*supra*) ignores the fact that the gift of a remainder is not a present gift and that the future amount of the gift of a remainder is not the present value of the remainder interest. The statute deals with the *present* value of the whole estate. It says that not more than one-half of that *present* value, less only debts, shall be given to a charity. It follows in logic that if the actual gift to charity, no matter when payable, has a present value of not more than half of the gross estate, less debts, the gift is valid. To the extent that it is ascertained to be valid it cannot be varied in amount by any allowance for the fact that an intervening life estate lasted longer than the tables indicated it would last. Nor can the amount payable be varied upward by assuming, as was done in *Matter of Seymour* (239 N. Y. 259), that the *present* value is deemed a legacy of that amount to which compound interest is to be added until actual payment. The rule in *Matter of Seymour* (*supra*) has been abolished so far as such accretions are concerned but the statutory change of 1929 did not say that a dollar payable in the future is worth a dollar payable now.

Accordingly a decree has been signed holding valid the direction of this testator to benefit the charities named in his will, save and except for the excess computed in accordance with the original decision herein.