In the Matter of the Petition of the CITY BANK FARMERS TRUST COMPANY to Render and Settle its Account as Trustee of the Trust for ALICE BERTHA DEL GRELLA under the Last Will and Testament of JAMES HALE BATES, Deceased, and for a Construction of the Will. LEONARD N. SNEDEKER, Special Guardian for CHARLES W. FIELD and ROBERT GRAY TWOMBLY, Infants, etc., FLORENCE W. GRISWOLD and LOU A. BATES, Appellants; BROOKLYN HOME FOR AGED MEN, BROOKLYN HOME FOR CHILDREN, BROOKLYN HOSPITAL, PACKER COLLEGIATE INSTITUTE, LONG ISLAND HISTORICAL SOCIETY, CONGREGATIONAL HOME MISSION-ARY SOCIETY, PLYMOUTH CHURCH OF THE PILGRIMS, BROOKLYN ASSOCIATION FOR IMPROVING THE CONDITION OF THE POOR, CRESENT ATHLETIC CLUB OF BROOK-LYN, and CITY BANK FARMERS TRUST COMPANY, as Trustee, etc., of JAMES HALE BATES, Deceased, Respondents.— Decree of the Surrogate's Court of Kings county, adjudging that the remainder of a trust is not in excess of fifty per cent of the testator's estate and ordering the distribution of the entire remaining principal of the trust to certain designated charitable beneficiaries, modified by striking out the first decretal paragraph and inserting the following in place thereof: " Ordered and adjudged that the bequests of the remainder interests in the principal of the trust created under the provisions of the tenth clause of the will of James Hale Bates, deceased, to various charitable and educational institutions named in the twelfth clause of said will, are valid and take effect to the extent of the limitations provided by the fifteenth clause of said will, namely, $334,248, and that said institutions are entitled to a distribution of the aforesaid sum in the proportions provided in the twelfth clause of said will; and it is further." The decree is further modified by striking out the second decretal paragraph and insert-ing the following in place thereof: " Ordered and adjudged that the various next of kin referred to in paragraph fifteenth of the will of James Hale Bates, deceased, are entitled to a distribution of the principal of the aforesaid trust, after deducting therefrom the sum of $334,248; and it is further." The decree is further modified by striking from the eleventh decretal paragraph everything appearing after the words " various beneficiaries entitled thereto," and substituting therefor the follow-ing words, " as follows: to the beneficiaries named in paragraph twelfth of the will, that portion of the income represented by the proportion of 334,248 to 440,068.63, payable to the respective beneficiaries in the proportion provided in the twelfth clause of the will; the remainder of the income to the next of kin in the proportions provided in the fifteenth clause of the will; and it is further." As thus modified the decree, in so far as an appeal therefrom is taken, is affirmed, with costs to all parties filing briefs, payable out of the principal of the trust, and the matter is remitted to the surrogate to determine the next of kin under para-graph fifteenth of the will, and to fix and distribute their respective shares. The will is clear and definitely provides the testator's method of validly disposing of his entire estate. Under such circumstances it is not necessary or proper to read into the will provisions of law designed to limit charitable bequests. Davis,

Adel and Taylor, JJ., concur; Lazansky, P. J., and Close, J., dissent and vote to affirm without modification, with the following memorandum: By paragraphs twelfth and fifteenth, the testator gave the entire trust fund to the charities named after the death of his wife and daughter, but provided that if the principal of the trust so disposed of should exceed one-half of his estate, such excess was to go to his next of kin. The will speaks as of the death of the testator and the valuation at that time must be taken. (*Matter of Opdyke*, 255 N. Y. 255, 259.) It is conceded that as of the date of the testator's death the will did not violate section 17 of the Decedent Estate Law as then written. That the reference to the excess of trust fund over " one half my estate " is to the statutory provision is indicated by the use of the words " then any excess above such one half to which such bequests are limited." The will contains no other limitation because he had given the entire trust fund to the charities. Consequently, the testator could have had in his mind none other than the limit provided by section 17. Here were involved vested residuary gifts uncertain in amount. Their present worth depended upon the expectancy of the life beneficiaries. (*Matter of Seymour*, 239 N. Y. 259.) Adopting the rule of computation as set forth in *Matter of Seymour* (*supra*), there is no violation of section 17 and the decree should be affirmed. [164 Misc. 435.]