Samuel H. Hofstadter, J.
Incidental to its accounting in this proceeding, the trustee requests instructions with respect to its investment powers under the trust indenture. The investment clause reads: ‘ ‘ The Trustee is hereby authorized and empowered from time to time to invest and reinvest the trust property, with full power of sale in connection therewith, in such securities as it may deem best, provided that before selling any securities held in the trust or purchasing any securities or other property on account of the trust, the trustee shall first secure in writing the approval of the President of Life’s Fresh Air Fund, or in case of his failure or inability to act, the approval of some person designated by the directors of Life’s Fresh Air Fund.” The question presented is whether the trustee is limited to legal investments, that is, those permitted by section 21 of the Personal Property Law or whether it is free of such restriction, subject, of course, to the duty to exercise prudence and due care and to obtain the approval of the donor corporation, as provided in the indenture. The court holds that the latter is the true meaning of the indenture and that accordingly the trustee is not confined to legal investments, but may invest in any securities subject to the limitations above stated. The term “ securities ” includes preferred and common stocks. (Matter of Free, 4 Misc 2d 463, 466; Matter of Jeffress, 198 Misc. 249.) The expression ‘ ‘ in such securities as it may deem best ’ ’ is substantially the same as “ such securities as they may deem prudent and advisable ’ ’ and ‘1 such securities as to them seems advisable ”, the language used in the cases above cited. The indenture is, therefore, so construed.